PEOPLE v. BURIAN

CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO COUNSEL—ADVICE OF RIGHTS.
> A guilty-pleading defendant was not advised of her right to counsel where the court asked the defendant if she had a lawyer and if she wanted a lawyer, to which she answered "No", and then asked the defendant if she waived her right to a lawyer, to which she said "Yes".

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 August 11, 1970, at Grand Rapids. (Docket No. 8586.) Decided March 31, 1971.

Sherrill Burian was convicted, on her plea of guilty, of receiving and concealing stolen property with a value of more than $100. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 488.

PER CURIAM. Sherrill Burian was charged with receiving and concealing stolen property with a value of more than $100, MCLA § 750.535 (Stat Ann 1971 Cum Supp § 28.803). She was arraigned without representation of counsel on September 19, 1969, and her plea of guilty was accepted.

On appeal, defendant contends that the trial court erred in that she was not advised of her right to counsel in accordance with GCR 1963, 785.3(1). At the arraignment, the defendant was examined by the court in the following manner:

"*Q.* Do you have a lawyer?
"*A.* No.
"*Q.* Do you want a lawyer?
"*A.* No.
"*Q.* Do you waive your right to a lawyer?
"*A.* Yes."

GCR 1963, 785.3(1) provides:

"Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken."

The people cite the cases of *People* v. *Stearns* (1968), 380 Mich 704, and *People* v. *Everson* (1969), 16 Mich App 739, as standing for the proposition that the trial court has substantially complied with the court rule. However, in *Stearns,* the defendant was informed by the trial court that he had "a right to have a lawyer" and in *Everson* the defend-

ant was asked, "Do you know you are entitled to have [a lawyer]?"

In the case at bar, defendant was in no way informed of her right to have a lawyer. Her subsequent waiver of her right to a lawyer could not, therefore, be considered an intelligent waiver. We find that the court rule was not complied with and the plea must, therefore, be vacated.

Reversed and remanded.