PEOPLE *v.* GILROY

1. CRIMINAL LAW—RIGHT TO COUNSEL—INDIGENTS—RETROACTIVE APPLICATION.

   The decision of the United States Supreme Court that an accused has a constitutional right to be represented by counsel and to have counsel appointed at public expense if he is indigent applies to the states through the Fourteenth Amendment, has retroactive effect, and must be applied to cases where convictions, including those based on guilty pleas, become final before announcement of that decision.

2. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO COUNSEL—INDIGENTS.

   Failure of the trial court to inform a guilty-pleading defendant *before* the defendant pled guilty that he had a right to counsel at public expense in the case of his indigency required reversal of the defendant's conviction even though the conviction became final before the announcement of the United States Supreme Court decision that the right of an indigent to court-appointed counsel is a constitutional right applicable to the states (Court Rule No. 35A [1945]; GCR 1963, 785.3[1]).

Appeal from Macomb, James E. Spier, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 10953.) Decided November 29, 1971.

Gerald K. Gilroy was convicted, on his plea of guilty, of breaking and entering in the nighttime. Defendant appeals by leave granted. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 318.
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*James A. Scandirito,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM.  On December 8, 1961, defendant was arraigned in the Macomb County Circuit Court on an information charging him with breaking and entering in the nighttime pursuant to CL 1948, § 750.110 (Stat Ann § 28.305).[1]  Defendant, without the presence of counsel, pleaded guilty, following a reading of the information.  He was sentenced on December 15, 1961, to a prison term of 1 to 15 years.  His application for delayed appeal in this Court was granted on March 26, 1971.

Defendant claims that the trial court, prior to accepting his plea, did not properly advise him as to his right to court-appointed counsel in the event of his indigency, pursuant to Court Rule No 35A (1945),[2] citing *People* v. *Faulman* (1970), 23 Mich App 635; and that, although the court did inform defendant that he was waiving that right, the court's advice was not clearly given due to the failure to inform defendant as to his right to court-appointed counsel.

*"The Court:*  Do you understand what you are charged with?

---

[1] See, presently, MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).
[2] 318 Mich xxxix; see, presently, GCR 1963, 785.3(1).

"*The Respondent:* Yes, sir.

"*The Court:* Breaking and entering in the nighttime. Do you know what you are going to do with this case?

"*The Respondent:* Yes, sir.

"*The Court:* What do you want to do?

"*The Respondent:* Plead guilty.

"*The Court:* Do you understand you have a right to have a trial by jury if you want one?

"*The Respondent:* Yes, sir.

"*The Court:* Do you understand you have a right to have a lawyer if you want one?

"*The Respondent:* Yes, sir.

"*The Court:* Do you understand that?

"*The Respondent:* Yes, sir.

"*The Court:* Do you understand that you are waiving those rights when you plead guilty and there will be no trial, any trial, do you understand all that?

"*The Respondent:* Yes, sir."

A defendant can offer a plea of guilty without waiving his right to counsel. Indeed, he is entitled to counsel and to have counsel offered him before he is asked to decide what he "wants to do". He is entitled to the benefit of the advice of counsel when he decides whether to plead guilty. Here, he was asked how he pled and then perfunctorily advised as to his right to counsel.

*Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR 2d 733) was decided after the defendant in this case pled guilty, but the mandate of that case is fully retroactive and applies to guilty pleaders. See *People* v. *Carson* (1969), 19 Mich App 1, 5, fns 4, 7.

Our conclusion obviates discussion of other issues appealed.

Reversed and remanded.