PEOPLE v GONZALES

Docket No. 111210. Submitted March 22, 1989, at Lansing. Decided
    May 23, 1989.

Reynaldo A. Gonzales was charged in the Bay Circuit Court with
    operating a motor vehicle while under the influence of intoxi-
    cating liquor, third offense. Defendant moved to quash the
    information on grounds that some of his previous plea-based
    convictions were defective. Defendant's previous plea-based
    misdemeanor OUIL convictions occurred in November, 1984,
    February, 1986, and May, 1986. Defendant did not challenge
    the February, 1986, conviction but did allege that the Novem-
    ber, 1984, and May, 1986, convictions were defective because
    they were obtained when he was not represented by counsel.
    The trial court, William J. Caprathe, J., denied the motion to
    quash, ruling that collateral attack of the prior convictions was
    impermissible under *People v Nydam,* 165 Mich App 476
    (1987). Defendant appealed by leave granted.

    The Court of Appeals *held:*

    1. The trial court erred in holding that a defendant may not
    collaterally attack a prior misdemeanor OUIL conviction ob-
    tained when defendant was not represented by counsel.

    2. Defendant's November, 1984, conviction may not be used
    to support the instant charge since there was no express or
    unequivocal waiver of the right to counsel at the time. Defen-
    dant made a valid waiver of the right to counsel at the time of
    the May, 1986, plea taking. The May, 1986, and February,
    1986, convictions can be used to support the instant charge.
    Defendant was properly charged and his motion to quash was
    properly denied.

    Affirmed.

1. CRIMINAL LAW — SENTENCE ENHANCEMENT — MISDEMEANOR CON-
        VICTIONS — RIGHT TO COUNSEL.
    Prior misdemeanor convictions obtained when the defendant was

REFERENCES
Am Jur 2d, Criminal Law §§ 758 *et seq.*; Habitual Criminals and
    Subsequent Offenders § 15.
See the Index to Annotations under Attorney or Assistance of
    Attorney; Guilty Plea; Habitual Criminals and Subsequent Of-
    fenders.

not represented by counsel cannot be used as a basis for enhancing the penalty imposed for a subsequent offense if the defendant did not make a valid waiver of his right to counsel at the prior proceeding.

2. CRIMINAL LAW — RIGHT TO COUNSEL — GUILTY PLEAS.

Not all pleas of guilty obtained when the defendant is not represented by counsel are infirm; a defendant may effectively waive his right to counsel, after being advised of such right in court pursuant to the court rule pertaining thereto, upon the defendant's express or unequivocal indication to the court that he chooses to forego the benefits of counsel; implied waivers do not satisfy the court rule; a mere recitation of rights by the court followed by a plea of guilty does not constitute an express waiver (MCR 6.201[E]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Richard I. Dresser,* Assistant Prosecuting Attorney, for the people.

Office of the Public Defender (by *Kenneth M. Malkin*), for defendant.

Before: MacKenzie, P.J., and Hood and Gribbs, JJ.

PER CURIAM. Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA 9.2325(6). His motion to quash the information on grounds that some of his previous plea-based convictions were defective was denied. Defendant appeals by leave granted. We conclude that the trial court reached the right result for the wrong reasons, and accordingly affirm. See, e.g., *People v Daniels,* 172 Mich App 374; 431 NW2d 846 (1988).

Defendant's previous plea-based misdemeanor OUIL convictions occurred in November, 1984, February, 1986, and May, 1986. Both the November,

1984, and May, 1986, convictions were obtained when defendant was not represented by counsel. At issue in this case is (1) whether defendant may now collaterally attack these convictions, and (2) if so, whether the November, 1984, and May, 1986, convictions were constitutionally invalid for purposes of supporting the OUIL, third offense, charge.

In ruling on the collateral attack question, the trial court concluded that under *People v Nydam,* 165 Mich App 476; 419 NW2d 417 (1987), lv den 430 Mich 861 (1988), collateral attack of defendant's prior convictions was impermissible. Defendant contends this conclusion was erroneous and that collateral attack of his previous convictions for want of counsel was proper. The people concede that on these facts, where defendant's prior convictions resulted in incarceration, those convictions were indeed subject to collateral attack.

We agree with the parties that, on these facts, the trial court erred in relying on *Nydam. Nydam* dealt only with the propriety of collaterally attacking a previous plea-based misdemeanor conviction in which the defendant was represented by counsel but not advised of his *Jaworski* rights [*People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972)]. In holding that collateral attack under such circumstances was unavailable, *Nydam* held that the representation by counsel, coupled with a voluntary plea, abrogates the need for *Jaworski* rights in misdemeanor plea proceedings and, therefore, collateral attack of a resultant conviction for failure to inform a defendant of his *Jaworski* rights would not be allowed. That is simply not the situation here.

It is well established that prior misdemeanor convictions obtained when defendant was not represented by counsel cannot be used as a basis for enhancing the penalty imposed for a subsequent

offense if the defendant did not make a valid waiver of his right to counsel at the prior proceeding. See *People v Schneider,* 132 Mich App 214, 218; 347 NW2d 21 (1984), and cases cited therein. Accordingly, we are of the opinion that a defendant may collaterally attack a prior misdemeanor OUIL conviction obtained when defendant was not represented by counsel when that conviction is used later to support a charge of OUIL, third offense. The trial court erred in concluding otherwise.

We turn, then, to the question whether the two prior misdemeanor convictions defendant is attacking are constitutionally infirm and thus unavailable to support the charge of OUIL, third offense. Not all uncounseled pleas of guilty are infirm. *Schneider, supra,* p 218. Misdemeanor OUIL guilty pleas obtained when the defendant was not represented by counsel may be used to support a charge of OUIL, third offense, provided the defendant effectively waived his right to counsel. *Schneider, supra.*

In district court, a valid waiver of counsel is effected, after the court's presentation of the defendant's right to counsel pursuant to DCR 785.4(c), now MCR 6.201(E), upon the defendant's express indication to the court that he chooses to forego the benefits of counsel. *Schneider, supra,* p 218. See also *People v Williams,* 172 Mich App 401; 431 NW2d 852 (1988). Implied waivers do not satisfy the court rule. *Schneider, supra,* pp 218-219.

At defendant's November, 1984, plea taking, defendant was advised of his right to counsel and responded as follows:

> *The Court:* Well, just a minute, you have several options here. If you think the charge is not true and that you're not guilty, or if you want that

charge to be proved in Court which is your right, you may say so by answering, not guilty. Or, if you wish, you may say nothing as to the charge. That is, stand mute. And if you do, I will enter a not guilty plea for you and set the matter for trial. You have a right to be represented by an attorney in the proceeding and if you cannot afford an attorney and want an attorney, you may apply to the Court to appoint an attorney for you. So, understanding all of this, the seriousness of the charge, how do you want to answer the charge?

*Defendant Gonzales:* Guilty.

We certainly cannot consider this to be an express or unequivocal waiver of the right to counsel. A mere recitation of rights followed by a plea of guilty does not constitute an express waiver. See *Schneider, supra,* p 217. Accordingly, we hold that defendant's November, 1984, conviction may not be used to support the instant charge.

At the May, 1986, plea taking defendant signed an advice of rights form advising him of his right to an attorney. At the hearing, the court advised defendant of his rights.

*The Court:* And you have the right today to plead guilty or not guilty, whichever you choose. If you decide to plead guilty you won't have a trial of any kind and you will give up the rights that you would have if a trial were held; do you understand that?

*Defendant Gonzales:* Yes, your Honor.

*The Court:* And it would appear to me that this is—you're at least—it would be the fourth conviction for drinking and driving. The court would appoint an attorney to represent you if you could not afford your own; do you understand that?

*Defendant Gonzales:* Yes.

After defendant pled guilty, the court again

advised defendant of his rights, including the right to an attorney:

> *The Court:* Do you understand that you don't have to plead guilty today, you have the right to plead not guilty and have a trial by a judge or a jury?
>
> *Defendant Gonzales:* Yes, your Honor.
>
> *The Court:* Do you understand that you have the right to the assistance of an attorney, if you could not afford your own the court would appoint one to represent you at county expense.
>
> *Defendant Gonzales:* Yes, your Honor.
>
> *The Court:* Do you understand if you plead guilty today you won't have a trial of any kind and you will give up the rights you would have if a trial was held?
>
> *Defendant Gonzales:* Yes, your Honor.

We are of the opinion that defendant's statement that he understood that he waived his trial rights, immediately after being told of his right to counsel, is a valid waiver of his right to counsel. While defendant did not use the magic words, "I waive my right to counsel," he nonetheless unequivocally responded affirmatively to the proposition that he was giving up his rights, immediately after stating that he understood he had a right to counsel. We read *Schneider* as holding invalid "an implied waiver by reason of the defendant's responding [to information concerning his rights] by pleading guilty." 132 Mich App 219. No doubt that is what occurred at defendant's earlier, 1984, plea taking. At the 1986 plea taking, however, defendant indicated that he understood that by pleading guilty he was giving up his rights, including the right to counsel. We are satisfied that this was sufficient to survive defendant's collateral attack.

Accordingly we conclude that defendant's May, 1986, plea-based misdemeanor OUIL conviction could be used to support the instant OUIL, third offense, charge.

Because defendant has not challenged his February, 1986, conviction, and because we conclude that his May, 1986, conviction was not invalid for enhancement purposes, defendant was properly charged with OUIL, third offense. Defendant's motion to quash the information charging him with that offense was properly denied, albeit for the wrong reasons.

Affirmed.