PEOPLE v REICHENBACH

Docket No. 192978. Submitted January 15, 1997, at Grand Rapids. Decided
     June 13, 1997, at 9:10 A.M. Leave to appeal sought.

Rex Reichenbach was charged in the 8th District Court with operating
     a motor vehicle while under the influence of intoxicating liquor
     and/or operating a motor vehicle while having an unlawful blood
     alcohol level-third offense. The defendant claimed that one of the
     two prior convictions relied upon by the prosecutor could not be
     used for enhancement purposes because the defendant had not
     been represented by counsel at the time he pleaded guilty of the
     offense and had not been properly advised of his right to represen-
     tation. The defendant had received a conditional sentence for the
     challenged 1989 conviction, a $500 fine or sixty days in jail,
     together with an assessment fee, a victim fee, and a suspended
     license for 182 days. He paid the fine and did not spend any time in
     jail. The court, Vincent C. Westra, J., relying on MCR 6.610(E)(2),
     agreed with the defendant and refused to bind the defendant over
     on the charge. The prosecution appealed, and the Kalamazoo Cir-
     cuit Court, John F. Foley, J., affirmed. The prosecution appealed by
     leave granted.

     The Court of Appeals held:

     1. Although the defendant's 1989 offense was punishable by up to
     ninety days of incarceration, the defendant did not actually serve a
     jail sentence and, therefore, was not entitled to the appointment of
     counsel at public expense under the state or federal constitution.
     Thus, his 1989 conviction was valid and may be used for enhance-
     ment purposes, regardless of the existence of the conflicting court
     rule, MCR 6.610(E)(2). Where, as here, in light of legal changes, a
     rule that when promulgated was one of practice or procedure
     instead becomes one of substance and conflicts with federal and
     state law, the court rule must be regarded as having been
     superseded.

     2. To the extent that MCR 6.610(E)(2) impinges on the authority
     of a prosecuting attorney to prosecute a legislatively prohibited
     offense, the enforcement of the court rule contravenes the separa-
     tion of powers mandated by the constitution. The rule is invalid
     because it no longer relates to any practice or procedure supported

by case law and supports a right to counsel that is neither constitutionally compelled nor legislatively supported.

Reversed and remanded.

1. CONSTITUTIONAL LAW — RIGHT TO COUNSEL — MISDEMEANORS — ENHANCEMENT OF SUBSEQUENT OFFENSES.

The right to counsel under the federal and state constitutions is identical; there is no right to counsel under either constitution in a misdemeanor prosecution where no incarceration is imposed and, therefore, such a conviction may be used for enhancement purposes with respect to a subsequent offense (US Const, Am VI; Const 1963, art 1, § 20).

2. CONSTITUTIONAL LAW — COURT RULES — SEPARATION OF POWERS.

The state Supreme Court has the constitutional authority only to promulgate rules of practice and procedure and may not promulgate rules that infringe on the power of the executive branch to enforce the criminal law or the power of the legislative branch to define the criminal law, including the penalties for various offenses; where, in light of legal changes, a rule that when promulgated was one of practice or procedure instead becomes one of substance and conflicts with federal and state law, the rule must be regarded as having been superseded (Const 1963, art 3, § 2, art 6, § 5).

3. CONSTITUTIONAL LAW — COURT RULES — RIGHT TO COUNSEL — MISDEMEANORS — ENHANCEMENT OF SUBSEQUENT OFFENSES.

MCR 6.610(E)(2) contravenes the separation of powers to the extent that the rule impinges on the authority of a prosecuting attorney to prosecute the legislatively prohibited offense of operating a motor vehicle while under the influence of intoxicating liquor or operating a motor vehicle while having an unlawful blood alcohol level, third offense; the rule is invalid because it no longer relates to any practice or procedure supported by case law and establishes a right to counsel that is neither constitutionally compelled nor legislatively authorized; a defendant has no constitutional right to appointed counsel in a misdemeanor prosecution where no incarceration is imposed and a conviction of operating a motor vehicle while having an unlawful blood alcohol level that did not result in incarceration may be used for enhancement purposes with respect to a subsequent offense (US Const, Am VI; Const 1963, art 1, § 20; MCL 257.625; MSA 9.2325).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecut-

ing Attorney, and *Michael H. Dzialowski*, Assistant Prosecuting Attorney, for the people.

*Levine & Levine* (by *Anastasè Markou*), for the defendant.

Before: HOEKSTRA, P.J., and MARKEY and J. C. KINGS-LEY\*, JJ.

PER CURIAM. The prosecution appeals by leave granted an opinion and order of the Kalamazoo Circuit Court affirming an earlier decision of the 8th District Court that held that defendant's 1989 plea of guilty to operating a motor vehicle while having an unlawful blood alcohol level (UBAL), MCL 257.625; MSA 9.2325, had not met the requirements of MCR 6.201(E)(2), now MCR 6.610(E)(2)[1], and, therefore, could not be used as a basis for defendant's present charge of operating a motor vehicle while under the influence of intoxicating liquor and/or UBAL, third offense (OUIL/UBAL-3rd), MCL 257.625; MSA 9.2325.[2] We reverse and remand the case to the district court for reconsideration of the motion to bind over in light of our decision in this case.

In the present case, defendant was charged with OUIL/UBAL-3rd. At the preliminary examination, the prosecutor introduced evidence establishing that defendant had two prior convictions under MCL

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In 1989, the provisions formerly found in MCR 6.201, including the language at issue in this case, were moved to MCR 6.610. Because the language of the former rule was identical at that time to that of present MCR 6.610, this opinion will refer exclusively to the latter citation.

[2] Because we were unable to locate a copy of the complaint in the lower court record, we are relying on defendant's recitation of the charge against him contained in his brief on appeal.

257.625; MSA 9.2325 that formed the basis for defend-
ant's current OUIL/UBAL-3rd charge. However, defend-
ant claimed that one of the convictions, a 1989 UBAL
conviction, could not be used for enhancement pur-
poses because he was not represented by counsel at
the time he pleaded guilty to that offense and had not
been properly advised of his right to representation.

In this regard, the facts are largely undisputed. At
the initial arraignment on the original charge of OUIL
in 1989, defendant was advised of his right to counsel
and of his right to counsel at public expense if he
could not afford to retain counsel. At the plea-taking
proceeding, however, defendant was advised only of
his right to counsel, and not specifically his right to
appointed counsel at public expense if he was indi-
gent. Defendant pleaded guilty to UBAL and received a
conditional sentence, a $500 fine or, in lieu of paying
such fine, sixty days in jail, together with a $45
assessment fee, a $20 victim fee, and a suspended
license for 182 days. Indications are that defendant
paid the fine and did not spend any time in jail.[3]

The lower courts, in upholding defendant's posi-
tion, relied on MCR 6.610(E)(2), which provides:

> (2) The court shall inform the defendant of the right to
> the assistance of an attorney. If
>
> (a) the offense charged is punishable by over 92 days in
> jail,
>
> (b) the offense charged requires a minimum jail sentence,
> or
>
> (c) the court makes a determination that it may send the
> defendant to jail,

---

[3] Defendant does, however, through an affidavit, claim that he was indi-
gent at that time. The prosecution disputes this assertion.

the court shall inform the defendant that if the defendant is indigent he or she has the right to an appointed attorney.

*A subsequent charge or sentence may not be enhanced because of this conviction unless a defendant is represented by an attorney or he or she waives the right to an appointed attorney.* [Emphasis added.]

Although this rule represented a summary of existing case law at the time it was promulgated, subsequent developments have undercut the basis for the rule, and the question presented is whether the rule justifies the lower courts' actions in this case. We hold that it does not. When the court rule at issue was promulgated, it reflected the Michigan judiciary's understanding of the combined cases of *Argersinger v Hamlin*, 407 US 25, 37; 92 S Ct 2006; 32 L Ed 2d 530 (1972), *Scott v Illinois*, 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1979), and *Baldasar v Illinois*, 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980).

In *Argersinger*, the United States Supreme Court held that no person could be imprisoned for any misdemeanor or felony offense unless he was represented by counsel at trial or knowingly and intelligently waived counsel. In *Scott*, the Court held that the Sixth and Fourteenth Amendments of the United States Constitution require only that no indigent person be sentenced to a term of imprisonment without being afforded the right to assistance of appointed counsel. *Scott* further held that, in the absence of a prospect of incarceration, *Argersinger* did not guarantee a right to appointed counsel in a misdemeanor prosecution. Finally, in *Baldasar*, in which no line of reasoning was adopted by a majority of the Court, the Supreme Court precluded the use of a conviction for enhancement purposes unless the defendant had been

advised of and waived his right to the appointment of counsel at public expense. See *People v Olah*, 409 Mich 948; 298 NW2d 422 (1981). After the release of these opinions, the language of MCR 6.610 at issue in this case was adopted.

Thereafter, the United States Supreme Court overruled *Baldasar* and held that a conviction valid under *Scott*, i.e., without the benefit of counsel and lacking any advice concerning the right to appointed counsel at public expense if the defendant was indigent but which did not result in a term of imprisonment, could be used for enhancement purposes with respect to a subsequent offense. *Nichols v United States*, 511 US 738, 742-744; 114 S Ct 1921; 128 L Ed 2d 745 (1994).

This Court then applied *Nichols* in *People v Richert (After Remand)*, 216 Mich App 186; 548 NW2d 924 (1996), by allowing use of a misdemeanor conviction of second-degree retail fraud obtained without the benefit of counsel to provide the predicate offense necessary to charge a subsequent act of retail fraud as one of first-degree retail fraud, a felony. This Court noted that nothing in the language of the Michigan Constitution, Const 1963, art 1, § 20, could be differentiated from the language of the Sixth Amendment regarding the right to counsel so as to justify or mandate a broader right to counsel under the Michigan Constitution than that provided under the Sixth Amendment. *Id.* at 193-194. Thus, this Court in *Richert* concluded that the two provisions should be construed identically, and held that because there is no right to counsel under the federal constitution in a misdemeanor prosecution where no incarceration is imposed, there is likewise no such right under the Michigan Constitution. *Id.* at 194.

Similarly, in *People v Justice*, 216 Mich App 633; 550 NW2d 562 (1996), this Court, after noting that all the Michigan cases addressing the appropriate use of misdemeanor convictions obtained without the benefit of counsel were based upon federal precedent and that our state's protection in this area is based entirely upon its federal counterpart, concluded that there was no independent state basis for adhering to the rule of *Baldasar* and that *Nichols* controlled the sentencing practice in this state.

Here, defendant contends that notwithstanding *Justice* and *Richert*, which we recognize fail to cite or discuss MCR 6.610(E)(2), the court rule controls. We disagree. Our Supreme Court has the constitutional authority only to promulgate rules of practice and procedure. Const 1963, art 6, § 5. It does not have the authority to promulgate rules that infringe on the power of the executive branch to enforce the criminal law or the power of the legislative branch to define the criminal law, including the penalties for various offenses. Const 1963, art 3, § 2; see *Genesee Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974). To the extent that the court rule at issue impinges on the authority of a prosecuting attorney, a member of the executive branch of government, to prosecute the legislatively prohibited offense of OUIL/UBAL-3rd, we believe that enforcement of the court rule, in this context, contravenes the separation of powers.

Here, the court rule is invalid because it no longer relates to any practice or procedure supported by case law. Instead, the rule serves to establish a right to counsel that is neither constitutionally compelled nor legislatively supported. Because the only right to

counsel recognized in Michigan is that provided by
the constitution of either Michigan or the United
States and defendant had no right to appointed coun-
sel under either constitution at the time of his UBAL
conviction for which incarceration was not imposed,
*Richert* and *Justice* control and the court rule has no
valid application or authority in this instance.

Although we recognize that our action here is
unique, precedent exists for a decision of this kind.
Previously, this Court has found a court rule promul-
gated by our Supreme Court invalid after a change in
the law undercut the justification for the rule. In
*Waterford School Dist v State Bd of Ed*, 98 Mich App
658, 665-666; 296 NW2d 328 (1980), this Court held
that a change in the statute governing mandamus pro-
ceedings, granting the plaintiff a choice of forum as
between the Court of Appeals and the circuit court
where the defendant is a state officer or state agency,
superseded a contrary court rule that had been
promulgated at a time when the statute required such
actions to be filed in the Court of Appeals.

In sum, although defendant's offense of UBAL was
punishable by up to ninety days of incarceration,
defendant did not actually serve a jail sentence and,
therefore, was not entitled to the appointment of
counsel at public expense under the state or federal
constitution. Thus, defendant's conviction is valid.
Under *Nichols* and *Richert, supra,* the conviction
properly may be used for enhancement purposes,
regardless of the existence of the conflicting court
rule. Where, as here, in light of legal changes, a rule
that when promulgated was one of practice or proce-
dure instead becomes one of substance and conflicts
with federal and state law, we believe the court rule

must be regarded as having been superseded. Further, we urge that MCR 6.610(E)(2) be reexamined in light of the cases discussed above and our decision here.

We reverse and remand the case to the district court for reconsideration of the motion to bind over in light of our decision in this case. We do not retain jurisdiction.