PEOPLE v ASQUINI

Docket No. 198907. Submitted January 6, 1998, at Lansing. Decided February 6, 1998, at 9:10 A.M. Leave to appeal sought.

Michael A. Asquini was charged in the 52-4 District Court with operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level (OUIL/UBAL), third offense. Pursuant to a defense motion to quash the charge, the court, Dennis C. Drury, J., at the preliminary examination, reduced the charge to OUIL/UBAL, first offense, on the basis that the defendant's two prior convictions of OUIL/UBAL were infirm because they had been secured without the defendant having been properly advised of his right to counsel and that, accordingly, those convictions could not be used to enhance the severity of the present OUIL/UBAL charge. The Oakland Circuit Court, Jessica R. Cooper, J., denied the prosecution's application for leave to appeal the district court's order. The prosecution appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

1. The validity of a guilty plea may not be assailed collaterally where a defendant was represented by an attorney when the plea was entered or where a defendant intelligently waived the right to counsel, including the right to court-appointed counsel. Accordingly, because the substance of the defendant's attack in this case on the charge of OUIL/UBAL, third offense, rests on collateral attacks of his prior OUIL/UBAL convictions, the attacks on the validity of the prior convictions, and with it his present attack on the propriety of the enhanced charge in the present case, must fail if he intelligently waived his right to counsel in the course of those plea-based convictions of OUIL/UBAL.

2. A conviction obtained without counsel and without a defendant having been advised about the right to appointed counsel can be used for the purpose of enhancing a subsequent offense where the conviction of the prior offense did not result in a term of imprisonment. Because in each of the prior OUIL/UBAL convictions the defendant received as part of his sentence a conditional term in jail, it is assumed, without deciding, that the use of those prior convictions for the purpose of the enhancement of the present charge

depends on the defendant having intelligently waived his right to counsel even though the defendant did not, in fact, have to serve any time in jail pursuant to the conditional provisions of his sentences.

3. The defendant's affirmative responses to the questions of the judge at the guilty plea proceeding that resulted in the first prior OUIL/UBAL conviction concerning whether he understood that by pleading guilty he was waiving the right to a trial by a judge or jury and that he was waiving the right to an attorney appointed for him if he could not afford one constituted an intelligent waiver of both his right to be represented by counsel and his right to have counsel appointed if he could not afford counsel. His affirmative responses to similar questions at the proceeding involving the second prior conviction likewise constituted an intelligent waiver of the right to counsel and the right to appointed counsel if indigent. Accordingly, because the records of the prior guilty plea proceedings establish that the defendant intelligently waived his right to counsel and the appointment of counsel if indigent before his guilty pleas were accepted, the prior OUIL/UBAL convictions could be used to enhance the charge in the present case, and the district court erred in holding that those convictions were infirm for enhancement purposes and in reducing the charge in the present case to OUIL/UBAL, first offense.

Reversed and remanded to the district court for further proceedings.

O'CONNELL, J., dissenting, stated that the prior convictions of OUIL/UBAL could not properly be used to enhance the present charge because the courts in those proceedings did not specifically inform the defendant of his right to counsel, and knowledge of the right to counsel cannot be reasonably inferred from knowledge of the right to appointed counsel. Further, to be a valid waiver, a purported waiver must take place before a defendant tenders a guilty plea, rather than merely taking place before the tendered plea is accepted by the court. Accordingly, the order of the district court finding that the prior convictions were not valid for enhancement purposes and that the present charge should be reduced to OUIL/UBAL, first offense, should be affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — COLLATERAL ATTACKS.

The validity of a guilty plea may not be assailed collaterally where a defendant was represented by an attorney when the plea was entered or where a defendant intelligently waived the right to counsel, including the right to court-appointed counsel.

2. CRIMINAL LAW — PRIOR CONVICTIONS — ENHANCED OFFENSES — RIGHT TO
   COUNSEL.
   A conviction obtained without the defendant having been represented
   by counsel or having been advised about the right to appointed
   counsel can be used for the purpose of enhancing a subsequent
   offense where the conviction of the prior offense did not result in a
   term of imprisonment.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting Attorney, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Arnold J. Shifman*, for the defendant.

Before: FITZGERALD, P.J., and O'CONNELL and WHIT-BECK, JJ.

WHITBECK, J. The prosecution appeals by leave granted the circuit court's order denying its application for leave to appeal a district court's order. The district court's order granted defendant's motion to quash the charge of operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level, third offense (OUIL/UBAL-3rd), MCL 257.625(1), (7)(d); MSA 9.2325(1), (7)(d). We reverse and remand to the district court for further proceedings consistent with this opinion.

Defendant Michael Asquini pleaded guilty of OUIL/UBAL in August 1990 and to OUIL/UBAL-2nd in October 1991. Before the preliminary examination of the charge of OUIL/UBAL-3rd in August 1996, defendant moved to quash the information on the ground that the prior two OUIL/UBAL convictions were constitutionally infirm and could not be used to enhance the severity of the present charge to a charge of OUIL/UBAL-3rd. Defendant based his motion on a claim

that he had not been represented by counsel, had not been properly advised of the right to counsel, and had not knowingly and intelligently waived the right to counsel The district court granted the motion to quash.

At the outset, we note that the issue before us is not defendant's guilt or innocence with respect to the offenses, commonly known as drunk driving, with which he has been charged over the years. With respect to his two previous convictions, defendant pleaded guilty, apparently in accordance with plea bargaining agreements. With respect to the current charge of OUIL/UBAL-3rd, the issue, again, is not defendant's guilt or innocence, but rather his collateral attack on his prior two convictions in connection with his attempt to prevent the alleged drunk driving in this case from being charged as OUIL/UBAL-3rd. At the time of defendant's alleged OUIL/UBAL-3rd offense in 1996, MCL 257.625(7)(d); MSA 9.2325(7)(d)[1] provided:

---

[1] Under the current version of MCL 257.625(7)(d); MSA 9.2325(7)(d), the elements of OUIL/UBAL-3rd are the same, but the sentencing options for a conviction of that offense are different:

> If the violation occurs within 10 years of 2 or more prior convictions, the person is guilty of a felony and shall be sentenced to pay a fine of not less than $500.00 or more than $5,000.00 and to either of the following:
>
> (i) Imprisonment under the jurisdiction of the department of corrections for not less than 1 year or more than 5 years.
>
> (ii) Probation with imprisonment in the county jail for not less than 30 days or more than 1 year. Not less than 48 hours of the imprisonment imposed under this subparagraph shall be served consecutively.

MCL 257.625(7)(e); MSA 9.2325(7)(e) provides that a term of imprisonment imposed for OUIL/UBAL-3rd shall not be suspended.

If the violation occurs within 10 years of 2 or more prior
convictions, the person is guilty of a felony and shall be
sentenced to imprisonment for not less than 1 year or more
than 5 years or a fine of not less than $500.00 or more than
$5,000.00, or both. A term of imprisonment imposed under
this subdivision shall not be suspended.

The intent of the Legislature in enacting this provision could not have been clearer: it was to subject repeat OUIL/UBAL offenders to enhanced punishment. Defendant seeks to avoid this enhanced punishment—in the event that he is found guilty or again pleads guilty of the offense—by collaterally attacking his two prior plea-based convictions on constitutional grounds.

As stated by the Michigan Supreme Court in *People v Ingram*, 439 Mich 288, 291; 484 NW2d 241 (1992), collateral attacks, as opposed to direct appeals, require consideration of finality and of administrative consequences. Indeed, as held by the Court:

Federal and state courts have consistently found that
considerations of finality and administrative consequences
must become part of the process with which we assure the
achievement of proceedings that are consistent with the
rudimentary demands of fair procedure. Such considera-
tions have been found to be of particular significance in
cases where courts have been confronted with the concerns
surrounding the procedural issue of collateral attack of
plea-based convictions. We agree and therefore hold that
*failure of a plea-taking court to adhere to applicable plea-
taking requirements during the plea proceeding does not
provide a defendant the opportunity to challenge by collat-
eral attack.* The validity of such a plea, where the defendant
was represented by an attorney when entering the plea *or
when the defendant intelligently waived the right to coun-
sel, including the right to court-appointed counsel if indi-
gent,* is unassailable. [*Id.* at 293-295 (emphasis supplied).]

Thus, the *only* issue before us is whether defendant intelligently waived the right to counsel in the course of his two prior plea-based convictions.[2]

## I. DEFENDANT'S FIRST OUIL/UBAL CONVICTION

MCR 6.610(E)  provides in pertinent part:

Before *accepting* a plea of guilty or no contest the court shall in all cases comply with this rule.

\*    \*    \*

(2) The court shall inform the defendant of the right to the assistance of an attorney. If

(a) the offense charged is punishable by over 92 days in jail.

(b) the offense charged requires a minimum jail sentence; or

(c) the court makes a determination that it may send the defendant to jail,

the court shall inform the defendant that if the defendant is indigent he or she has the right to an appointed attorney.

*A subsequent charge or sentence may not be enhanced because of this conviction unless a defendant is represented by an attorney or he or she waives the right to an appointed attorney.* [Emphasis supplied.]

---

[2] The dissent, in footnote 1, draws a distinction between the "right to an attorney at the plea-taking process" and the "right to have a court-appointed attorney at trial." Post at 717-718. Neither party raised or argued this distinction on appeal. In addition, MCR 6.610(E) clearly deals with situations in which a court *accepts* a plea of guilty or no contest. The acceptance of such a plea can take place during a pretrial proceeding, as was done here, or during the trial. We therefore believe the distinction drawn by the dissent has no relevance to the issue we decide here. In any event, we also note that defendant separately stated that he understood that by pleading guilty he waived his right to a trial by a judge or a jury, as the following interchange shows:

*The Court*: Do you understand that by pleading guilty you're waiving the right to a trial by a judge or jury?
*Defendant Asquini*: Yes, I do.

However, in *People v Reichenbach*, 224 Mich App 186, 188-189; 568 NW2d 383 (1997), a defendant who was charged with OUIL/UBAL-3rd had two prior convictions of OUIL/UBAL that had not resulted in incarceration. On the basis of the court rule now codified as MCR 6.610(E)(2), which was then codified as MCR 6.201(E)(2), the district court concluded that one of the prior convictions could not be used to form part of the basis for an OUIL/UBAL-3rd conviction. The district court based its conclusion on the claim that the prior conviction had been obtained without representation by counsel and without proper advice of the right to counsel. The circuit court affirmed. This Court reversed.

This Court noted that the second emphasized portion of the court rule summarized case law existing at the time was promulgated, but that "subsequent developments have undercut the basis for the rule." *Reichenbach, supra* at 190. This Court also noted that, in *Scott v Illinois*, 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1979), the United States Supreme Court held that the Sixth and Fourteenth Amendments of the United States Constitution require only that no indigent person be sentenced to a term of imprisonment without being afforded the right to the assistance of appointed counsel. This Court further noted that, in *Nichols v United States*, 511 US 738, 742-744; 114 S Ct 1921; 128 L Ed 2d 745 (1994), the United States Supreme Court held that a conviction obtained without counsel, and without any advice about the right to appointed counsel, that did not result in a term of imprisonment could be used for enhancement purposes with regard to a subsequent offense. *Reich-*

*enbach, supra* at 190-191.[3] Further, this Court stated
that the right to counsel under Const 1963, art 1, § 20
provides no broader right to counsel than the Sixth
Amendment. *Id.* at 191. Thus, this Court concluded
that the above-emphasized portion of MCR
6.610(E)(2) was invalid as a violation of the constitu-
tional separation of powers to the extent that it
would preclude use of a prior conviction to establish
the offense of OUIL/UBAL-3rd in a circumstance where
use of the prior conviction was not constitutionally
proscribed. *Id.* at 192-193. This Court held that a prior
conviction that did not result in incarceration may be
used for enhancement purposes, even where the prior
conviction had been secured without the defendant
having been represented by counsel or having been
informed of a right to counsel. *Id.* at 189, 193.

After defendant's first plea-based conviction, the
district court sentenced him to one day in jail as well
as two years' probation. However, defendant had
already spent one day in the county jail after being
arrested, which was credited against his one-day sen-
tence. As another condition of the sentence for the
first conviction, defendant was required to participate
in a work program for three days, or alternatively to
spend three days in jail. Apparently, defendant
elected to take part in the work program. While there
may be room for debate whether this sentence

---

[3] In *Nichols*, the United States Supreme Court overruled its prior hold-
ing in *Baldasar v Illinois*, 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169
(1980), that a conviction could not be used for enhancement purposes
unless the defendant had been represented by counsel or had been prop-
erly advised of and waived the right to appointment of counsel if indigent.
*Reichenbach, supra* at 190-191. It is the former rule in *Baldasar* that was
effectively written into the Michigan Court Rules with the promulgation of
the pertinent sentence of MCR 6.610(E)(2).

involved any incarceration, we assume for purposes of our analysis, without deciding as a point of law, that this sentence included a component of incarceration and, thus, that defendant was entitled to counsel in connection with the first OUIL charge.

At the plea hearing regarding the first OUIL charge, the following colloquy occurred with respect to the right to counsel:

> *The Court:* Mr. Asquini, you have met with the prosecutor and you've worked out a plea agreement whereby if you plead guilty to Operating Under the Influence of Liquor he's asking me to dismiss the civil infraction of Preliminary Breath Test Refusal. Is that your understanding of the complete plea agreement?
>
> *Defendant Asquini:* Yes, it is.
>
> *The Court:* How do you want to plead to Operating Under the Influence of Liquor?
>
> *Defendant Asquini:* I'd like to plead guilty.
>
>        *     *     *
>
> *The Court:* Do you understand that by pleading guilty you're waiving the right to a trial by a judge or jury?
>
> *Defendant Asquini:* Yes, I do.
>
> *The Court:* You're waiving the right to have an attorney appointed for you if you can't afford one?
>
> *Defendant Asquini:* Yes, I do.
>
>        *     *     *
>
> *The Court:* . . . Based on the statements made by the defendant *I'll accept the guilty plea to Operating Under the Influence of Liquor;* refer Mr. Asquini to the Probation Department for Screening and Assessment and grant the prosecutor's motion to dismiss the civil infraction and they'll make your appointment for you out at the counter. [Emphasis supplied.]

There was no further questioning or explanation by the district court directly concerning the right to counsel.

Defendant's attack on the validity of his prior OUIL/UBAL conviction constitutes a collateral attack because it is a challenge to that conviction that is not made in a direct appeal from those convictions. *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995). Accordingly, and as stated above, the only real question in connection with defendant's guilty plea to the first OUIL/UBAL charge is whether defendant intelligently waived the right to counsel. *Ingram, supra* at 294-295. Whether the district court complied with all requirements of MCR 6.610 in taking defendant's guilty plea is immaterial for purposes of this collateral attack.

Defendant asserts that the district court presiding over the first OUIL/UBAL plea failed to inform him explicitly of his right to counsel and did not expressly inform him that he had the right to retain his own counsel to represent him. The district court in the matter before us accepted defendant's position. However, we conclude that defendant intelligently waived his right to counsel.

Reading the district court's question whether defendant was waiving his right to have counsel appointed for him if he could not afford one in connection with the prior question whether defendant understood that he was waiving the right to a trial, it is clear that the district court was informing defendant that he had the right to appointed counsel if he was indigent and asking him if he understood that right. The district court's question tied the right to appointment of counsel to defendant's ability to

afford counsel. It is therefore plain that this question effectively informed defendant that he had a right to retain his own counsel to represent him in further criminal proceedings. For defendant to have understood otherwise, he would have had to have taken the district court as expressing that counsel would be appointed for him if he could not afford counsel, but that if he could afford counsel, he would have no right to counsel whatsoever, either by court appointment or his own retention of counsel. No reasonably intelligent defendant would believe such an absurd possibility.

In this regard, we note that the record of the sentencing hearing held only one month after the plea hearing reflects that defendant was, at the time, a college senior majoring in economics. In this situation, we are confident beyond a reasonable doubt that the district court sufficiently apprised defendant that he had the right to the assistance of counsel, including the right to retain his own counsel, in further criminal proceedings and that defendant intelligently waived that right.[4] Thus, the district court in the case before

---

[4] We do regard the district court's manner of informing defendant of his right to counsel as less than ideal. We need not express an opinion regarding whether the district court's questioning would have provided the requisite information to allow a defendant of less than average intellectual ability to waive intelligently the right to counsel.

We also note that defendant apparently signed an advice-of-rights form on June 26, 1990, that advised him in connection with the first OUIL/UBAL charge of his right to the assistance of an attorney and of situations in which he would be entitled to court-appointed counsel. In light of our above analysis, we need not consider whether this advice-of-rights form may be considered to have informed defendant of his right to counsel. MCR 6.610(D)(3) allows waiver of an attorney by "a writing that is made a part of the file or orally on the record." We observe that the advice-of-rights form could have been marked as an exhibit and made a part of the record, thus resolving any possible ambiguity. We recommend such a procedure to the district and circuit courts.

us erred in accepting defendant's collateral attack on
his first OUIL/UBAL conviction.

We recognize that in *People v Burian*, 32 Mich App
220, 221-222; 188 NW2d 652 (1971), this Court con-
cluded that the trial court's question at a plea pro-
ceeding—"Do you waive your right to a lawyer?"—
was inadequate to apprise the defendant that he had a
right to counsel. We find *Burian* to be distinguishable
from this case because, as shown above, the district
court in connection with defendant's guilty plea to the
first OUIL/UBAL conviction informed defendant of the
specific nature of the right to counsel: that he had a
right to the appointment of counsel if indigent and, by
obvious implication, that he had a right to retain
counsel.

We distinguish this case from *People v Gilroy*, 37
Mich App 275; 194 NW2d 489 (1971). First, in *Gilroy*,
the only advice regarding the right to counsel that the
circuit court provided to the defendant in connection
with the entry of a guilty plea was the lone question,
"Do you understand that you have a right to have a
lawyer if you want one?" *Id.* at 277. This Court con-
cluded that this failed to inform the defendant of his
right to court-appointed counsel. *Id.* In *Gilroy*, a rea-
sonably intelligent defendant could well have under-
stood the circuit court's question as indicating *only*
that the defendant had the right to *retain* counsel to
represent him in court proceedings, not that he had a
right to have the court *appoint* counsel for him. It is
certainly not obvious that one's right to retain counsel
would include the right to have court-appointed coun-
sel if one is indigent. In contrast, here the district
court expressly informed defendant of his right to
have an attorney appointed for him if he was indi-

gent. Under such circumstances, it would be clear to any reasonably intelligent defendant that if there is a right to the appointment of counsel in connection with a proceeding if that defendant is indigent, there is also a right to *retain* private counsel to provide representation.

Second, *Gilroy* makes explicit reference to *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963). *Gideon* dealt with the right of an indigent defendant to court-appointed counsel, not with *when* an indigent defendant is constitutionally entitled to be informed of the right to that counsel. Thus, *Gilroy* is not controlling with regard to the constitutional issue in this case.

Third, and more narrowly, the Court in *Gilroy* stated the defendant's claim as follows: "Defendant claims that the trial court, *prior to accepting his plea*, did not properly advise him as to his right to court-appointed counsel in the event of his indigency, pursuant to Court Rule No. 35A (1945)." *Gilroy, supra* at 276 (emphasis supplied). Here, there is no question whatever that the district court advised defendant of his right to court-appointed counsel *"prior to accepting his plea,"* although after defendant initially expressed his intent to plead guilty. This is in exact accordance with the current court rule, MCR 6.610(E), which provides in pertinent part: "Before *accepting a plea* of guilty or no contest the court shall in all cases comply with this rule."[5] Thus, even if

---

[5] In any event, we reiterate that a mere failure to comply with plea-taking requirements during a plea proceeding is not a proper ground for a collateral attack on a conviction. *Ingram, supra* at 294-295.

*Gilroy* is applicable, it does not require us to sustain defendant's collateral attack.[6]

## II. DEFENDANT'S SECOND OUIL/UBAL CONVICTION

Defendant's plea of guilty of OUIL/UBAL-2nd occurred before the same district judge who presided over the first OUIL/UBAL plea. The key facts surrounding the second proceeding are strikingly similar to those of the first plea. The district court again sentenced defendant to two years' probation. However, the district court also imposed a sentence of thirty days in jail to be served at the end of the probation, but indicated that the jail time would likely be suspended if defendant successfully completed probation and received a good recommendation from the probation department. The district court also ordered defendant to participate in a work program for ten days, or to spend ten days in jail. It is not clear from the record whether defendant ever served any time in jail based

---

[6] *People v Gonzales*, 179 Mich App 477; 446 NW2d 296 (1989), does not compel a contrary result. In *Gonzales*, the Court cited *People v Schneider*, 132 Mich App 214, 218; 347 NW2d 21 (1984), for the proposition that not all uncounseled pleas of guilty are infirm. *Gonzales, supra* at 480. The Court went on to say:

> We are of the opinion that defendant's statement that he understood that he waived his trial rights, immediately after being told of his right to counsel, is a valid waiver of his right to counsel. While defendant did not use the magic words, "I waive my right to counsel," he nonetheless unequivocally responded affirmatively to the proposition that he was giving up his rights, immediately after stating that he understood he had a right to counsel. [*Id.* at 482.]

Here, while defendant may not have used the magic words "I waive my right to *retain* counsel," he nonetheless responded affirmatively to the proposition that he was giving up his right to *court-appointed* counsel. Under the circumstances of this case, we find this waiver in connection with the totality of the plea proceeding to be constitutionally sufficient to waive defendant's right to retain private counsel.

on this sentence. In any event, we again assume, without deciding, that the sentence involved incarceration for purposes of the constitutional right to counsel and, thus, that defendant had a right to counsel in connection with the OUIL/UBAL-2nd plea.[7]

In substantively the same fashion as at the first plea proceeding, the following colloquy occurred during defendant's plea of guilty of OUIL/UBAL-2nd:

> *The Court:* Michael Asquini. (Pause) Looks like you want to plead guilty to OUIL 2nd. Is that right?
> *Defendant Asquini:* Yes.
>
> *　*　*　*
>
> *The Court:* Do you understand *if I accept your guilty plea* you've given up the right to a trial by a judge or a jury?
> *Defendant Asquini:* Yes.
> *The Court:* You've given up the right to have an attorney appointed for you if you can't afford one?
> *Defendant Asquini:* Yes.
>
> *　*　*　*
>
> *The Court:* All right. Based on the statements made by the defendant *I'll accept the guilty plea,* refer him to the Probation Department for screening and assessment. [Emphasis supplied.]

For the same reasons that we conclude that the district court in the matter before us erred in accepting defendant's collateral attack to his first plea-based OUIL/UBAL conviction, we conclude that the district court erred in accepting the collateral attack on the OUIL/UBAL-2nd conviction. Because defendant intelli-

---

[7] As with the first plea, defendant signed an advice-of-rights form some weeks before the plea proceeding. Again, we do not consider this fact in our analysis.

gently waived the right to counsel in entering the OUIL/UBAL-2nd guilty plea, that plea is not subject to collateral attack. *Ingram, supra* at 294-295. In any event, the district court complied with MCR 6.610(E) by advising defendant of his right to a court-appointed attorney before accepting his plea of guilty. Both of defendant's prior OUIL/UBAL convictions may be used by the prosecution as part of its basis for the instant OUIL/UBAL-3rd charge.

Reversed and remanded to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.

FITZGERALD, P.J., concurred.

O'CONNELL, J. *(dissenting)*. I concur with the well-written analysis of the law set forth in the majority opinion. However, I conclude that the process used by the district court to accept defendant's pleas did not constitute a valid waiver of counsel. It is a well-established principle of law that a defendant must be informed, before entering a plea, of the right to the assistance of an attorney and, if the defendant is indigent, that the court will appoint an attorney at public expense. *People v Adkins (After Remand)*, 452 Mich 702, 720-722; 551 NW2d 108 (1996); MCR 6.610(E). The court must question the defendant to determine whether the defendant is financially unable to hire an attorney. MCR 6.005(A). In the present case, the district court did not offer or even ask defendant if he wanted an attorney for the plea-taking process.[1]

---

[1] The trial court failed to inform defendant that he had a right to an attorney at the plea-taking process. At best, defendant was informed that if he pleaded guilty he would be giving up his right to have a court-

Therefore, I would affirm the decision of the lower court.

In the instant case, defendant was charged with one count of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), third offense, MCL 257.625(1), (7)(d); MSA 9.2325(1), (7)(d). The charge was predicated on two prior plea-based convictions of OUIL, one in August 1990 and one in October 1991. In each of the prior plea proceedings, defendant either pleaded guilty or indicated that he intended to plead guilty. The court then advised him of the rights he would give up by pleading guilty, including "the right to have an attorney appointed for you if you can't afford one." Before the preliminary determination regarding the instant charge, defendant moved to quash, asserting that his two prior convictions were constitutionally infirm and could not be used for enhancement purposes because defendant was not represented by counsel and had not been properly advised of, and had not knowingly and intelligently waived, his right to counsel. The district court agreed and granted the motion. The circuit court denied defendant's application for leave to appeal. We granted leave.

The law is well settled that plea-based convictions in which the defendant was not represented by counsel and did not intelligently waive "the right to counsel, including the right to court-appointed counsel if indigent," are subject to collateral attack. *People v Ingram*, 439 Mich 288, 295; 484 NW2d 241 (1992).[2]

---

appointed attorney at trial. I also note that in the October 1991 plea, defendant was never asked the question, "What is your plea?"

[2] If the trial court makes a determination that it may send an indigent defendant to jail if the defendant is convicted, the court is required to

Thus, in the case at bar, the issue for our resolution is whether defendant knowingly and intelligently waived his right to counsel *before* pleading guilty. A valid waiver requires that the court inform the defendant of the rights contained in MCR 6.610(E)(2) and that the defendant unequivocally state that he does not want the assistance of counsel. *People v Gonzales*, 179 Mich App 477, 480; 446 NW2d 296 (1989). Those requirements are not met where a defendant tenders a guilty plea and a trial court then advises the defendant of his rights, including the right to counsel, and advises him that by pleading guilty he waives those rights. *People v Gilroy*, 37 Mich App 275, 277; 194 NW2d 489 (1971).

The requirement that a plea of guilty must be intelligent and voluntary has long been recognized. As Justice White stated in *Brady v United States*, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970):

> That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice.

Given the grave consequences that a guilty plea may entail, courts have carefully scrutinized pleas by defendants who do not have the assistance of counsel

---

inform the defendant that he has the right to a court-appointed attorney at the plea-taking process. See MCR 6.610(E).

and have not properly waived their right to counsel.[3]
See *id.*, n 6. Thus, a defendant is "entitled to the ben-
efit of the advice of counsel when he decides whether
to plead guilty." *Gilroy, supra* at 277. See also *People
v Simpson*, 35 Mich App 1, 5; 192 NW2d 118 (1971)
("[e]ven defendants who plead guilty are *entitled* to
the benefit of counsel" [emphasis in original]).

The majority reads the current court rule, MCR
6.610(E), to require courts to inform defendant of his
right to court-appointed counsel *before accepting his
plea.* While the rule does, in fact, state that the court
shall inform a defendant of the right to the assistance
of an attorney and the right to an appointed attorney
"[b]efore *accepting* a plea of guilty or no contest," I
believe that a narrow interpretation of this rule ren-
ders the process a mere sham. When a criminal
defendant, accused of a crime for which he may be
imprisoned, stands in open court and admits that he
is guilty as charged, that defendant is entitled to
know the consequences of his actions *before* he
stands as a witness against himself.[4]

---

[3] Recently, in *People v Erwin*, 212 Mich App 55, 66; 536 NW2d 818
(1995), this Court noted that it is "of special importance that courts fol-
low regular procedures in accepting misdemeanor pleas . . . and carefully
consider the potential consequences of such pleas for subsequent felony
offenses." The present case illustrates why care must be taken to ensure
that the proper plea-taking procedures are followed.

[4] The majority also notes that at the time of the plea hearing defendant
was a college senior majoring in economics. However, the United States
Supreme Court has held that the defendant's knowledge of his right to
counsel and his waiver of that right must affirmatively appear on the
record. See *Burgett v Texas*, 389 US 109, 114; 88 S Ct 258; 19 L Ed 2d 319
(1967). Similarly, as the Michigan Supreme Court noted in *Guilty Plea
Cases*, 395 Mich 96, 121; 235 NW2d 132 (1975), a defendant's history is
irrelevant if procedural requirements are not met:

Many defendants have been made aware at one time or another
of the right to and incidents of a trial and the consequences of a

Moreover, I believe that Michigan case law supports the conclusion that a criminal defendant must be informed of his right to the assistance of an attorney and his right to court-appointed counsel *before* he enters a plea of guilty. In *People v Carson*, 19 Mich App 1, 5; 172 NW2d 211 (1969), this Court noted that "if [the defendant] was not advised of his right to counsel and did not waive that right *before he pled guilty*," he is "entitled to have his conviction and guilty plea set aside." (Emphasis added.) Similarly, in *People v Gilroy*, *supra* at 277, this Court stated that a defendant is entitled to counsel "and to have counsel offered him *before* he is asked to decide what he 'wants to do'. He is entitled to the benefit of the advice of counsel *when he decides* whether to plead guilty." (Emphasis added.) As these cases indicate, a defendant simply cannot make an informed choice concerning whether he should plead guilty if he is not first informed concerning the consequences of his actions.

As Justice Frankfurter stated in *Malinski v New York*, 324 US 401, 414; 65 S Ct 781; 89 L Ed 1029 (1944), "[t]he history of American freedom is, in no small measure, the history of procedure." The process we use to advise defendants of their constitutional

---

plea of guilty. Nevertheless, whatever the personal history of the accused and the quality of his representation, the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations required by the rule.

Therefore, despite defendant's education, we cannot simply conclude that he was "sufficiently apprised" of his right to counsel or that he "intelligently waived" that right unless the record so reflects.

rights is a procedure, and the procedure must be followed. In the present case, the correct procedure was not followed. The lower court record indicates that the district court judge did not advise defendant, at any point before his pleading guilty, that if he pleaded guilty he would be giving up the right to a court-appointed attorney. In both the August 1990 plea and the October 1991 plea, defendant pleaded guilty first and then was advised of his right to court-appointed counsel. Because this process does not meet the dictates of Michigan law, I would affirm the decision of the trial court.[5]

---

[5] The consequences of a successful collateral attack on a guilty plea do not entail voiding the plea itself; they only mean that defendant's present charge cannot be enhanced by the prior offense (defendant may no longer be charged with OUIL, *third offense*). See *People v Tallieu*, 132 Mich App 402, 407; 347 NW2d 469 (1984). If a defendant wishes to set aside the plea and conviction for the prior offense, the proper procedure is to challenge the conviction through a direct appeal.