PEOPLE *v* STUDAKER

CRIMINAL LAW—ASSISTANCE OF COUNSEL—MISDEMEANOR—FELONY—
SENTENCES—IMPRISONMENT.

    No person may be imprisoned for any offense, whether clas-
sified as petty, misdemeanor, or felony, unless he was repre-
sented by counsel at his trial absent a knowing and in-
telligent waiver; this holding is applicable to all criminal
prosecutions, including prosecutions for violations of munici-
pal ordinances, and the denial of the assistance of counsel
will preclude the imposition of a jail sentence.

Appeal from Oakland, Arthur E. Moore, J., and
from Court of Appeals prior to decision. Submitted
January 5, 1972. (No. 8 January Term 1972, Docket
No. 53,378.) Decided July 26, 1972.

Eric Studaker was charged with carrying a strung
bow in an automobile. The district court denied a
motion for appointment of counsel. Defendant ap-
pealed to circuit court. The circuit court required
appointment of counsel if indigency was shown and
remanded for a determination of indigency. The
people appealed to the Court of Appeals and applied
to the Supreme Court for leave to appeal prior to
decision by the Court of Appeals. Leave granted.
Judgment set aside and cause remanded to district
court.

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 309, 318.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Lance E. Mermell,* for defendant.

*Amicus Curiae:*

State Appellate Defender Office (by *Arthur J. Tarnow* [*F. Thomas Lewand,* of counsel]).

Michigan Association of Municipal Attorneys (by *C. Edward Carraher, David Morris, Robert D. McClear, Richard D. Rohr, Harold M. Deason,* and *Louis C. Andrews, Jr.*).

T. M. KAVANAGH, C. J. Defendant was charged with carrying a strung bow in an automobile in violation of MCLA 312.10(d); MSA 13.1339(d).

At arraignment, defendant stood mute and by special appearance of counsel from the Oakland County Legal Aid Society moved for appointment of counsel. The district judge denied the motion on the basis that the offense charged was but a 90-day misdemeanor arising out of the Michigan Game Law of 1929, as amended.

Defendant appealed the denial of counsel to the circuit court, whereupon the circuit court reversed, holding a 90-day misdemeanor to be a criminal action requiring the appointment of counsel where indigency is shown. The case was remanded to the district court for a determination of indigency and appointment of counsel if indigency was shown. A stay of proceedings was then stipulated pending the prosecution's appeal to the Court of Appeals. Such an appeal was filed.

Prior to decision by the Court of Appeals, the prosecutor requested bypass to this Court, which we granted. 384 Mich 844 (1971).

The principal issue presented for review is whether an indigent person, charged with a 90-day misdemeanor, has a right to court-appointed counsel?

The United States Supreme Court in the case of *Argersinger* v *Hamlin,* 407 US 25, 92 S Ct 2006, 32 L Ed 2d 530 (1972), decided June 12, 1972, said:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

"That is the view of the Supreme Court of Oregon with which we agree. It is said in *Application of Stevenson,* [94] Ore [254], 458 P2d 414, 419 [1969]:

" 'We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence.'

\* \* \*

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of

counsel' so necessary when one's liberty is in jeopardy."

We, therefore, set aside the judgment of the circuit court and remand the cause to the district court for further proceedings in accordance with this opinion.

BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.