56 F.3d 66
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America Plaintiff-Appellee,
v.
Michael Anthony SMITH, Defendant-Appellant.
 No. 94-5627.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1995.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Michael Anthony Smith, appeals the district court's use of an uncounseled misdemeanor conviction that resulted in a suspended sentence for the purpose of sentencing under 18 U.S.C. Sec. 922(g)(1), the felon in possession of a firearm statute. Specifically, Smith argues that the district court violated the Sixth Amendment when it used the uncounseled misdemeanor conviction to calculate his criminal history category.
 
 
 2
 The events directly relevant to this appeal began in May 1993, when Smith, a previously convicted felon, pawned two rifles in Chattanooga. ATF agents discovered that Smith later reacquired the pawned rifles and, in December 1993, arrested him for being a felon in possession of a firearm.
 
 
 3
 Smith was indicted on two counts of violating Sec. 922(g)(1), one for each of the two rifles. He subsequently entered into a plea agreement that required the government to recommend a sentence within the lower one-third of the USSG range.
 
 
 4
 The presentence investigation report assigned Smith a total offense level of 17. Listing seven felony and misdemeanor convictions and noting that the instant offense was committed while he was on probation, the presentence report assigned Smith 13 criminal history points, resulting in a criminal history category of VI and a sentencing range of 51-63 months.
 
 
 5
 Smith's sole objection to the presentence report concerned the inclusion of an October 1991 misdemeanor conviction for assault and battery that resulted in a suspended sentence of 11 months and 29 days. Specifically, Smith argued that the one criminal history point arising from this misdemeanor conviction was improper because he had been convicted without the benefit of counsel.
 
 
 6
 The docket sheet for the 1991 misdemeanor conviction was made a part of the record in this case. It contains the following hand-written notation: "Def told to bring Atty if he wants one." The docket sheet also contains a "Waiver of Counsel", which is unsigned. Smith did, however, sign the "Waiver of Indictment or Trial by Jury," which immediately precedes the waiver-of-counsel section.
 
 
 7
 At his sentencing hearing, Smith argued that he did not, in fact, knowingly and voluntarily waive his right to counsel prior to trial on the 1991 assault and battery charge. In support of this assertion, Smith relied on the absence of his signature on the waiver-of-counsel provision and argued that "he wasn't properly advised of his right to counsel." Finally, Smith observed that, but for the misdemeanor, his guideline range would have been 46 to 57 months, instead of 51 to 63 months.
 
 
 8
 The court denied Smith's objection, noting that, under then existing Sixth Circuit precedent, United States v. Nichols, 979 F.2d 402 (6th Cir. 1992), uncounseled misdemeanors may be used in calculating criminal history scores. The court also found that, to the extent that Smith had a right to counsel, he had waived that right. The court accordingly imposed a sentence of 54 months.
 
 
 9
 As it turns out, the Supreme Court granted review in Nichols and has now affirmed the Sixth Circuit decision. Nichols v. United States, 114 S.Ct. 1921 (1994). Nichols had been assessed one criminal history point for a DUI misdemeanor conviction, for which he was fined but not incarcerated. The Supreme Court, reconciling an apparent conflict between Scott v. Illinois, 440 U.S. 36 (1979), and Baldasar v. Illinois, 446 U.S. 222, (1980), held that "an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols, 114 S.Ct at 1928.
 
 
 10
 In a futile attempt to overcome Nichols, Smith argues in this case that the imposition of a suspended sentence is sufficiently similar to the imposition of a jail term to invoke the Sixth Amendment right to counsel under and Scott. Therefore, he contends, the ruling in Nichols (in which the petitioner was merely fined) is not applicable here.
 
 
 11
 The first significant hurdle that the defendant confronts is the language and holding of Nichols itself, as well as the language and holding of Scott, upon which Nichols relies.
 
 
 12
 Our decision in Scott was dictated by Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), but we stated that "[e]ven were the matter res nova we believe that the central premise of Argersinger -- that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment -- is eminently sound and warrants the adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." Scott, supra, 440 U.S., at 373, 99 S.Ct., at 1162.
 
 
 13
 Nichols, 114 S.Ct. at 1925-26 (emphasis added). The language in Nichols is clear. Nowhere does the Court limit its holding to those misdemeanor convictions resulting in fines. Logically speaking, the "mere threat of imprisonment" can only be read to include suspended sentences.
 
 
 14
 Additionally, the guidelines themselves undercut Smith's position. USSG Sec. 4A1.2(b), titled "Sentence of Imprisonment Defined," provides that "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." Further, Application Note 2, contained in the Commentary following Sec. 4A1.2, states that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence."
 
 
 15
 Finally, the defendant contends that he did not knowingly and voluntarily waive his right to counsel in the assault and battery proceedings. Inasmuch as "where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor ha[s] no constitutional right to counsel," Nichols, 114 S.Ct. at 1925, this argument is meritless.
 
 
 16
 For these reasons, we uphold the district court's sentencing order and affirm its judgment.