2415

The STATE, Respondent v. Dennis RAU, Appellant.

(465 S.E. (2d) 370)

Court of Appeals

*Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, Columbia, for appellant.*

*J. Brady Hair, Legal Counsel for City of North Charleston, of N. Charleston; and Scott N. Schools, Charleston, for respondent.*

Submitted Oct. 3, 1995.

Decided Nov. 13, 1995.

*Per Curiam:*

Appellant, Dennis Rau, was convicted by a North Charleston municipal court jury of driving under suspension and sentenced to thirty days in jail, suspended upon the payment of a fine of $248. At trial, Rau was represented by a court-appointed public defender. Following his conviction, Rau payed the required fine and filed this appeal. On direct appeal to the circuit court, where he appeared *pro se*, his conviction was affirmed. He now appeals to this court claiming he never waived his right to counsel in the appeal of his municipal court conviction to the circuit court. We affirm.

One of the most valued rights that a defendant can have is his Sixth Amendment right to assistance of counsel. Because representation by counsel in a criminal proceeding is "fundamental and essential to a fair trial,"

the guarantee of this right has been made applicable to the States under the due process clause of the Fourteenth Amendment. *Gideon v. Wainright*, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed. (2d) 799 (1963). However, in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. (2d) 530 (1972), the Supreme Court took a cautious approach toward implementing the logical consequences of *Gideon*'s rationale. Despite the uncompromising language of *Gideon*, the Supreme Court held in *Argersinger* that the right to appointed counsel does not extend to all State misdemeanor and petty offenses. Rather, State provision of counsel is required only when imprisonment is an authorized penalty. *Argersinger*, 407 U.S. at 37, 92 S.Ct. at 2012. *Argersinger*, 407 U.S. at 37, 92 S. Ct. at 2012. *Argersinger* left unanswered the question of the right to counsel in cases where imprisonment is authorized but is not imposed.

This question was answered seven years later in *Scott v. Illinois*, 440 U.S. 367, 373-74, 99 S.Ct. 1158, 1162, 59 L.Ed. (2d) 383 (1979). The Court concluded:

*Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings . . . [W]e believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. *Argersinger* has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States. We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.

Since the U.S. Supreme Court explicitly ruled that actual imprisonment is the line defining the constitutional right to appointment of counsel, we believe there is no basis for Rau's claim that he had a constitutional right to counsel on appeal from his conviction where he was given an alternative sen-

tence of the payment of a fine, and the fine has been paid.

Although we have located no case in this jurisdiction dealing with the right to counsel in the appeal of a municipal court criminal conviction, we think that since a defendant has no constitutional right to appointed counsel absent actual imprisonment as a sentence, it stands to reason Rau had no such right when attacking his conviction on appeal since he was not presented with the possibility of a jail term regardless of the decision on appeal.

Affirmed.

CURETON, GOOLSBY and HEARN, JJ., concur.