PEOPLE v REICHENBACH

Docket No. 109961. Argued October 6, 1998 (Calendar No. 5). Decided December 22, 1998.

Rex Reichenbach was charged with operating a motor vehicle while under the influence of intoxicating liquor or operating a motor vehicle with an unlawful blood alcohol level, third offense (OUIL 3d), MCL 257.625(7)(d); MSA 9.2325(7)(d). The felony charge was based on two previous plea-based convictions, one in 1989 and one in 1991. At the preliminary examination, relying on MCR 6.610(E)(2), he moved to dismiss the OUIL 3d charge, arguing that the 1989 conviction could not be used for enhancement purposes because he had not been represented by counsel and had not waived his right to court-appointed counsel at the plea hearing. The Kalamazoo Circuit Court, John F. Foley, J., held that the 1989 conviction could not be used to enhance the present OUIL charge and dismissed the felony charge of OUIL 3d. The Court of Appeals, HOEKSTRA, P.J., and MARKEY and J. C. KINGSLEY, JJ., reversed in an opinion per curiam. 224 Mich App 186 (1997) (Docket No. 192978). The defendant appeals.

In an opinion by Justice BOYLE, joined by Chief Justice MALLETT, and Justices BRICKLEY, WEAVER, and TAYLOR, the Supreme Court *held*:

Neither the court rules nor the Michigan Constitution precludes the use of defendant's 1989 conviction to enhance the present charge of OUIL 2d to felony OUIL 3d.

1. A defendant accused of a misdemeanor is entitled to appointed trial counsel only if actually imprisoned. Where a defendant is not actually imprisoned and thus does not have the right to appointed counsel, an uncounseled conviction may be used to enhance a subsequent charge and possible sentence. The Michigan Constitution does not afford misdemeanor defendants greater rights to appointed trial counsel than is afforded under the federal constitution, i.e., the Michigan Constitution does not afford indigent misdemeanor defendants the right to appointed counsel absent actual imprisonment under *Argersinger v Hamlin*, 407 US 25 (1972), and *Scott v Illinois*, 440 US 367 (1979). Nor is there a principled reason to construe the Michigan Constitution more broadly than its federal counterpart.

2. Actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment. In this case, the defendant's conditional sentence did not constitute actual imprisonment. He paid the fines, and the prospect of imprisonment was never more than a threat.

·3. The federal constitution is not offended by use of prior uncounseled misdemeanor convictions under sentencing enhancement statutes, and, because Const 1963, art 1, § 20 does not provide misdemeanor defendants a right to the appointment of trial counsel more expansive than does the federal constitution, there also is no principled reason to divine in the Michigan Constitution an expansion of the right to counsel that would preclude sentence enhancement based on those same uncounseled misdemeanors.

4. Under MCR 6.610(D)(2), (E)(2), the right to appointed counsel obtains only if actual imprisonment is imposed, irrespective of whether the conviction is obtained by trial or plea. If actual imprisonment is not imposed, the conviction is not infirm. Because neither of the court rules applied to the defendant, he was not required to waive a nonexistent right to appointed counsel before his 1989 conviction could be used to enhance the present charge and possible sentence. Neither the court rules nor the Michigan or United States Constitution precludes the use of defendant's 1989 conviction to enhance the present charge of OUIL 2d to felony OUIL 3d.

Justice CAVANAGH, joined by Justice KELLY, concurring in the result only, stated that this case should have been resolved without reaching the constitutional question. Leave was granted to decide whether MCR 6.610(E)(2) precludes the use of a misdemeanor conviction resulting from an uncounseled guilty plea to enhance the sentence. Because the defendant's uncounseled conviction does not fit within the protection of the rule, his sentence may be enhanced. The majority unnecessarily resolves the scope of the right to appointed counsel under the Michigan Constitution, resulting in MCR 6.610(E)(2) and 6.610(D)(2) being replaced by a new "actual imprisonment" test and permitting lower courts to disregard the directives of MCR 6.610(D)(2)(a) and (b), and (E)(2)(a) and (b) in favor of subrule (c).

Affirmed and remanded.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*Levine & Levine* (by *Randall S. Levine* and *Anastase Markou*) for the defendant-appellant.

Amici Curiae:

*Michael J. Steinberg, Deborah A. Gutierrez,* and *Ralph C. Simpson* for American Civil Liberties Union Fund of Michigan.

*Norman W. Donker,* President, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief, Research, Training and Appeals, for Prosecuting Attorneys Association of Michigan.

BOYLE, J. We granted leave to consider the portion of MCR 6.610(E)(2) that precludes use of a misdemeanor conviction resulting from defendant's uncounseled guilty plea to enhance the sentence in the case at bar.

Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor (OUIL) or operating a motor vehicle with an unlawful blood alcohol level (UBAL), third offense (OUIL 3d), pursuant to MCL 257.625(7)(d); MSA 9.2325(7)(d). The felony charge was based on two previous plea-based convictions, one in 1989 and one in 1991. At the preliminary examination on November 15, 1994, defendant moved to dismiss the OUIL 3d charge, arguing that the 1989 conviction could not be used for enhancement purposes because defendant had not been represented by counsel and had not waived his right to court-appointed counsel at the plea hearing in 1989, relying on MCR 6.610(E)(2).[1] The trial court held that the 1989 conviction could not

---

[1] In 1989, the relevant provision was found at MCR 6.201(E)(2), otherwise unaltered, MCR 6.610(E)(2) provides:

be used to enhance the present OUIL charge and dismissed the felony charge of OUIL 3d.

The prosecutor appealed the dismissal, and the circuit court affirmed. The Court of Appeals granted leave to appeal and reversed. It held that the portion of MCR 6.610(E)(2) that limits the use of a plea-based conviction for sentence enhancement on a subsequent charge could not validly preclude use of defendant's 1989 plea-based conviction to enhance the present sentence. Construing the state constitution to provide protection identical to the federal constitution regarding the right to counsel, the Court held that, in light of *Nichols v United States*, 511 US 738; 114 S Ct 1921; 128 L Ed 2d 745 (1994), the right to counsel established by 6.610(E)(2) was not a rule of practice and procedure. The Court concluded that to the extent the rule limited the charging authority of the executive branch, it contravened the separation of powers. Const 1963, art 3, § 2. 224 Mich App 186, 192-193; 568 NW2d 383 (1997).

Defendant filed for leave to appeal, arguing that both MCR 6.610(E)(2) and the Michigan Constitution preclude the use of his prior conviction to enhance

---

(2) The court shall inform the defendant of the right to the assistance of an attorney. If

    (a) the offense charged is punishable by over 92 days in jail,

    (b) the offense charged requires a minimum jail sentence, or

    (c) the court makes a determination that it may send the defendant to jail,

the court shall inform the defendant that if the defendant is indigent he or she has the right to an appointed attorney.

*A subsequent charge or sentence may not be enhanced because of this conviction unless a defendant is represented by an attorney or he or she waives the right to an appointed attorney.* [Emphasis added.]

the charge in the case at bar. We hold that neither the court rules nor the Michigan Constitution precludes the use of defendant's 1989 conviction to enhance the present charge of OUIL 2d to felony OUIL 3d.

I

On August 7, 1989, defendant was arraigned on the misdemeanor charge of OUIL. At that time, defendant signed a "Misdemeanor Arraignment Information" form that expressly informed him of his right to counsel and his contingent right to appointed counsel.[2] Then, on August 29, 1989, defendant pleaded guilty to an amended complaint containing a UBAL charge. In return, the prosecutor dismissed the OUIL charge. As part of the plea process, defendant signed a form entitled "Rights given up by a plea of guilty to a charge of operating under the influence of liquor and/or operating with an unlawful blood alcohol level as a first offense." Under a caption "rights given up," defendant was again informed that he had the right to an attorney, and that by pleading guilty, defendant "g[a]ve up" his right to be represented by an attorney. The form did not, however, make specific reference to a right to *appointed* counsel.

---

[2] The form contained the following relevant passage:

> 1. You have the right to be represented by an attorney or to represent yourself; if you cannot afford an attorney, the Court will appoint one for you, if (1) the offense charged carries a possible minimum jail term or a term of more than 90 days, or (2) the Judge determines that you might, for other reasons, be sentenced to jail.

See also MCR 6.610(D)(1), authorizing the court to inform the defendant either in writing or on the record of his right to counsel and his possible right to appointed counsel under MCR 6.610(D)(2).

During plea proceedings on the record, the court began by obtaining from defendant an oral waiver of the right to counsel. The court also made an oblique reference to the forms signed by defendant as indicating that defendant knew and understood his rights.[3] The court did not specifically address the issue of *appointed* counsel.[4] The record is also devoid of any suggestion that defendant attempted to assert that he was indigent, either after signing the initial advise of rights form at arraignment (which did inform defendant of the right to appointed counsel in some circumstances), or at the time the plea was taken.

At sentencing, defendant received a $500 fine, or sixty days in jail, plus costs and a suspended license. Defendant paid the fine and costs, amounting to $565. Not until 1994, when defendant was charged with the felony OUIL 3d, did he attempt to collaterally attack his 1989 plea on the basis that he had not been informed

---

[3] The court noted:

> *The Court*: And you've indicated that you understand what rights your [sic] giving up and the consequences of a plea both as to the sentence and the license consequences.

See MCR 6.610(E)(4), authorizing the court to inform the defendant of the trial rights listed in MCR 6.610(E)(3)(b), and allowing the court to obtain a waiver of those rights by reference to the form, without repeating the individual rights. Interestingly, the possible right to appointed counsel is not among the rights listed in MCR 6.610(E)(3)(b). For the purposes of accepting a guilty plea, that right is dealt with under MCR 6.610(E)(2).

[4] The transcript from the plea hearing reveals only the following passage relevant to a waiver of counsel:

> *The Court*: All right, and Mr. Reichenbach your [sic] before the Court without an attorney. You understand you do have the right to have a lawyer present with you today.
> *The Defendant*: Yes, sir.
> *The Court*: Your [sic] giving up that right, are you?
> *The Defendant*: Yes, sir.

of his right to appointed counsel, nor had he waived that right.

II

Defendant contends that his 1989 conviction itself is constitutionally infirm because he was neither told of, nor did he waive, his proffered right to appointed counsel before pleading guilty. Second, defendant submits that even if his 1989 conviction is constitutionally sound, both the Michigan Constitution and the court rule preclude the use of the conviction for the purposes of sentence enhancement. We consider each argument in turn.

In 1972, the United States Supreme Court held, in *Argersinger v Hamlin*, 407 US 25, 37; 92 S Ct 2006; 32 L Ed 2d 530 (1972), that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." In "those [misdemeanors] that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy." *Id.* at 40. Seven years later, in *Scott v Illinois*,[5] the United States Supreme Court reaffirmed and clarified the "actual imprisonment" standard of *Argersinger*.

> [W]e believe that the central premise of *Argersinger*— that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. . . . We therefore hold that the Sixth and Four-

[5] 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1979).

teenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense. [*Id.* at 373-374.]

Thus, under federal precedent, only those indigent misdemeanor defendants who are actually imprisoned are entitled to appointed counsel.

In *People v Studaker*, 387 Mich 698; 199 NW2d 177 (1972), this Court unanimously adopted the "actual imprisonment" standard of *Argersinger* and reversed the circuit court's holding that a ninety-day misdemeanor required the appointment of counsel where indigency is shown. *Id.* at 700-701. In *Studaker*, the defendant was charged with a ninety-day misdemeanor. The district court denied the appointment of counsel. *Id.* at 699. The circuit court reversed, holding that appointed counsel must be provided in every misdemeanor case. *Id.* After granting a motion to bypass the Court of Appeals, this Court adopted the holding of *Argersinger*, set aside the order of the circuit court, and remanded to the district court. *Id.* Court rules promulgated in 1989 reflect this precedent. See MCR 6.610(D) (arraignment); MCR 6.610(E) (plea proceeding).

Notwithstanding our adoption of the *Argersinger* "actual imprisonment" standard in *Studaker*, defendant argues that the Michigan Constitution should be read to afford every indigent misdemeanor defendant the right to appointed trial counsel. The constitutional argument is foreclosed by *Studaker* and, as noted below, the explicit language of both MCR 6.610(D) and (E). Defendant cites *People v Mallory*, 378 Mich 538; 147 NW2d 66 (1967), to suggest

that art 1, § 20, affords an indigent misdemeanor defendant the right to appointed trial counsel, regardless of the sentence imposed. Defendant's reliance on *Mallory* is misplaced.

In *Mallory*, this Court considered whether indigent misdemeanor defendants were entitled to appointed counsel *on appeal*, under GCR 1963, 785.4[6] and art 1, § 20. Article 1, § 20 contains a specific provision, not found in the federal constitution, that entitles defendants in every criminal prosecution to "an appeal as a matter of right . . . and as provided by law . . . , to have such reasonable assistance as may be necessary to perfect and prosecute an appeal."[7] Four justices, in two opinions, held that this language, coupled with the language of GCR 1963, 785.4,[8] granted misdemeanor defendants the right to appointed counsel on appeal. Focusing on the language "[i]n every criminal prosecution," found in art 1, § 20, and cited in Justice SOURIS' concurring opinion, 378 Mich 575, defendant suggests that *Mallory* holds that art 1, § 20 affords its several rights (including the right to appointed trial counsel) to every indigent defendant at trial or on appeal.

However, as noted, *Mallory* involves appointment of appellate counsel, not trial counsel.[9] *Studaker*,

---

[6] The rules regarding appointment of appellate counsel are now found in MCR 6.425.

[7] Const 1963, art 1, § 20. In 1967, art 1, § 20 contained a slightly different provision. The above quoted passage then entitled a defendant to "an appeal as a matter of right; and in courts of record, . . . to have such reasonable assistance as may be necessary to perfect and prosecute an appeal."

[8] GCR 1963, 785.4(1)(b) provided that "the court will appoint [counsel] for [defendant] . . . ."

[9] Justice SOURIS acknowledged the anomalous consequences of requiring appellate counsel for all indigent misdemeanants as well as felons

decided by a unanimous Court five years later, resolved the appointment of trial counsel for misdemeanors contrary to defendant's contention. Implicit in that decision is the fact that the state constitution does not afford misdemeanor defendants greater rights to appointed trial counsel than is afforded under the federal constitution.

Were we to accept the argument that *Mallory* requires the appointment or waiver of trial counsel in every indigent misdemeanor case, we would be left to conclude that either *Mallory* was unanimously overruled sub silentio only five years later in *Studaker*, or that, in adopting MCR 6.610(D) and (E), in effect since 1988, this Court violated a previously neglected right to appointed counsel derived from the Michigan Constitution. We decline to repudiate *Studaker* and the court rules, and we reiterate: The Michigan Constitution does not afford indigent misdemeanor defendants the right to appointed counsel absent "actual imprisonment" under *Argersinger* and *Scott*.

Nor do we find a principled reason to construe the Michigan Constitution more broadly than its federal counterpart with respect to the right to appointed counsel for a defendant charged with a misdemeanor offense. *Sitz v Dep't of State Police*, 443 Mich 744; 506 NW2d 209 (1993).

Where the language of the federal constitution and that of the Michigan Constitution are nearly identical, a "compelling reason" must justify interpreting one instrument of government as granting greater rights

---

while "subrule 785.3 may not require appointment of *trial* counsel in some misdemeanor cases." *Id.* at 575.

under the latter than under the former.[10] Properly understood,

> the [compelling reason] rule compels neither the acceptance of federal interpretation nor its rejection. In each instance, what is required of this Court is a searching examination to discover what law "the people have made."
>
> The judiciary of this state is not free to simply engraft onto [in this case, art 1, § 20] more "enlightened" rights than the framers intended. By the same token, we may not disregard the guarantees that our constitution confers on Michigan citizens merely because the United States Supreme Court has withdrawn or not extended such protection. [*Id.* at 758-759 (citations omitted).]

In *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994), we addressed the scope of art 1, § 20, in the context of a claim that our constitution requires reversal of a conviction where counsel was ineffective, "even if the defendant was not prejudiced by such representation." *Id.* at 309. Concluding that art 1, § 20 does not afford greater rights than the Sixth Amendment, 446 Mich 326-327, we observed:

> [T]here exists no structural differences with regard to the right to assistance of counsel between federal and Michigan provisions. Moreover, no peculiar state or local interests

---

[10] *Sitz* involved interpretation of the Fourth Amendment, and based the "compelling reason" test on the historical relationship between art 1, § 11 and federal Fourth Amendment jurisprudence. 443 Mich 752, citing *People v Nash*, 418 Mich 196, 214; 341 NW2d 439 (1983). "The 'compelling reason' test is a convenient formulation of the overarching responsibility to find a principled basis in the history of our jurisprudence for the creation of new rights." *Id.* at 763. The requirement of principled decision making applies with equal force to issues arising under the Sixth Amendment. Thus, we have already noted the application of the "compelling reason" test to art 1, § 20 and the Sixth Amendment. *People v Pickens*, 446 Mich 298, 316; 521 NW2d 797 (1994); *People v Stanaway*, 446 Mich 643, 649, n 1; 521 NW2d 557 (1994).

exist in Michigan to warrant a different level of protection with regard to the right to counsel in the instant case. Both the federal and the state provisions originated from the same concerns and to protect the same rights. [*Id.* at 318.][11]

We hold that under both the federal and state constitutions, a defendant accused of a misdemeanor is entitled to appointed trial counsel only if "actually imprisoned."

Having concluded that defendant was not entitled to appointed counsel during his 1989 guilty-plea absent "actual imprisonment," we turn to defendant's contention that he was "actually imprisoned" for the 1989 conviction. Despite the fact that defendant was not incarcerated, but rather was sentenced to a fine of $500 plus costs, *or* sixty days in jail and paid the fine and court costs, defendant contends that a conditional sentence, under which he might have been imprisoned had he not paid the fine, constitutes "actual imprisonment" under *Argersinger.* We disagree.

As the United States Supreme Court explained in *Scott,* "the central premise of *Argersinger*—that

---

[11] Nor do statutory laws before or after the adoption of art 1, § 20, support an expansion of defendants' right to appointed counsel. MCL 775.16; MSA 28.1253, provides for the appointment of trial counsel, but extends that right only to felony defendants. The 1963 version of the same law extended the right to both felonies and misdemeanors, but only to those offenses "not cognizable by a justice of the peace or magistrate . . . ." The 1957 version of the statute, while slightly more ambiguous, also appeared to contemplate appointment of counsel in only those cases in which a preliminary examination would be had. Furthermore, the 1957 legislation, nearly identical to previous versions of the statute, addresses the right to compensation due appointed counsel, not the right of defendants to the appointment of counsel. *In re Recorder's Court,* 443 Mich 110, 124-126; 503 NW2d 885 (1993).

actual imprisonment is a penalty different in kind
from fines or the mere threat of imprisonment—is
eminently sound and warrants adoption of actual
imprisonment as the line defining the constitutional
right to appointment of counsel." 440 US 373. The
plain meaning of the words "actual imprisonment," as
well as the words "mere threat of imprisonment," dic-
tate the conclusion that defendant's conditional sen-
tence did not constitute "actual imprisonment."
Defendant paid the fines and the prospect of impris-
onment was never more than a threat.

Our conclusion is consistent with that of our sister
states and the federal circuits. Several courts have
held that suspended sentences and probation[12] do not
constitute actual imprisonment. For example, in *Gris-
wold v Commonwealth*, 252 Va 113; 472 SE2d 789
(1996), the Virginia Supreme Court considered a
claim of a defendant who had been given a suspended
sentence of thirty days in jail.[13] Rejecting the claim

---

[12] Canvassing of state and federal cases has uncovered few cases deal-
ing specifically with the sentencing practice we term "conditional"—
where a court imposes a fine, but also imposes the possibility of incarcer-
ation in the event that the fine is not paid. Suspended sentences and pro-
bation share the important characteristics of "conditional" sentences for
these purposes, in that all three involve a judicial threat of imprisonment
that will be implemented unless the defendant satisfactorily fulfills some
obligation short of imprisonment, be it payment of fines, a period of good
behavior, adherence to probation requirements, etc.

[13] *Griswold* actually involved two prior convictions for driving under
the influence (DUI). In 1983, the defendant was sentenced to a thirty-day,
suspended sentence. In 1985, the defendant was sentenced to 180 days for
another DUI, and under Virginia law, was required to serve 48 hours in jail.
*Id.* at 114-115. The Virginia Supreme Court's analysis of the first convic-
tion is apposite to the instant case. The court's treatment of the second
conviction is noteworthy, however, because it highlights the appropriate
scope of the "actual imprisonment" test. The first conviction, with no
actual time served, did not violate the federal constitution. *Id.* at 117. The
second conviction, because of the two days spent actually incarcerated,
did violate the constitution. *Id.* at 116.

that the uncounseled conviction was constitutionally infirm, the court noted:

> Neither party cites, and we are unable to find, any case in which the United States Supreme Court has decided this issue. However, in *Nichols*, the Supreme Court decided that an uncounseled misdemeanor conviction resulting only in a fine could be used to enhance the punishment for a subsequent conviction. There, we think the Supreme Court made it plain, if it had not done so already, that there is no constitutional right to counsel in a misdemeanor case unless the conviction results in an "actual imprisonment." [*Id.* at 117.][14]

Were it the case that probation or conditional sentences constitute "actual imprisonment" because of the judicial threat of imprisonment, nearly every misdemeanor sentence would be within the scope of "actual imprisonment." Neither *Argersinger/Scott* nor our own constitutional protections require this conclusion.

Having concluded that defendant's 1989 conviction was not constitutionally infirm, we turn to defendant's alternative claim, that the 1989 uncounseled misdemeanor may not be used to enhance his current OUIL charge. Defendant's arguments with respect to

---

[14] See also *State v Rau*, 320 SC 385, 387-388; 465 SE2d 370 (1995), holding that the defendant was not entitled to appointed counsel (there on appeal) when the defendant was sentenced to an alternative sentence and the fine had been paid; *United States v Castro-Vega*, 945 F2d 496 (CA 2, 1991), holding that a term of probation where no jail term is imposed is not actual imprisonment. *Id.* at 499-500.

The United States Court of Appeals for the Sixth Circuit has also held, in an unpublished opinion, that a suspended sentence does not constitute actual imprisonment. *United States v Smith*, 56 F3d 66; 1995 WL 314892 (CA 6, 1995). Using a rationale very similar to our own, the court noted, "Logically speaking, the 'mere threat of imprisonment' can only be read to include suspended sentences." *Id.* at **2.

this claim derive both from prior constitutional precedents and the court rules.

The question of the constitutional validity of sentence enhancement schemes that base an increased sentence of imprisonment for a new offense in part on prior uncounseled misdemeanor convictions was initially addressed by the United States Supreme Court in *Baldasar v Illinois*, 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980). A fragmented Court held that uncounseled prior misdemeanor convictions that did not result in imprisonment (and that, therefore, were constitutionally unobjectionable under *Argersinger* and *Scott*) nonetheless could not be used to enhance a prison sentence for a later conviction. *Id.* at 224, 226.

However, in 1994, in *Nichols v United States*, *supra*, the United States Supreme Court overruled its decision in *Baldasar*. The Court provided the following rationale:

> Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction. As pointed out in the dissenting opinion in *Baldasar*, "[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant."
>
> Reliance on such a conviction is also consistent with the traditional understanding of the sentencing process, which we have often recognized as less exacting than the process of establishing guilt. As a general proposition, a sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." "Traditionally, sentencing judges have considered a wide variety of factors in addition to evidence bearing on guilt in

determining what sentence to impose on a convicted defendant." One such important factor, as recognized by state recidivism statutes and the criminal history component of the Sentencing Guidelines, is a defendant's prior convictions. Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior. . . . And the state need prove such conduct only by a preponderance of the evidence. [511 US 747-748 (citations omitted).]

The federal constitution is not offended by use of prior uncounseled misdemeanors under sentencing enhancement statutes.

Having concluded that art 1, § 20 of the Michigan Constitution does not provide misdemeanor defendants a right to the appointment of trial counsel more expansive than does the federal constitution, we likewise find no principled reason to divine in our constitution an expansion of the right to counsel that would preclude sentence enhancement based on those same uncounseled misdemeanors.[15]

As the *Nichols* Court noted, "recidivist statutes that are commonplace in state criminal laws, do not

---

[15] Defendant's reliance upon *People v Olah*, 409 Mich 948; 298 NW2d 422 (1980), to contend that art 1, § 20 should be read to afford greater rights against the use of his prior uncounseled misdemeanor conviction is misplaced. In *Olah*, this Court reversed by peremptory order a Court of Appeals decision upholding the use of two uncounseled misdemeanor convictions as evidence of the defendant's violation of probation. A cursory reading of the order in *Olah* reveals that the decision in *Olah* relied entirely on the requirements of *Baldasar*, and *Olah* does not purport to interpret the scope of our own constitutional guarantees.

This holding is consistent with two Court of Appeals opinions that have already addressed the issue of sentence enhancements based on uncounseled misdemeanor convictions in light of *Nichols*. See *People v Richert (After Remand)*, 216 Mich App 186; 548 NW2d 924 (1996); *People v Justice*, 216 Mich App 633; 550 NW2d 562 (1996).

change the penalty imposed for the earlier conviction." 511 US 747. The Michigan Constitution is not offended by the use of defendant's 1989 conviction.

Finally, we disagree with appellants remaining argument that the portion of MCR 6.610(E)(2) at issue precludes the use of defendant's 1989 conviction. MCR 6.610(E)(2) is applicable only to the cases enumerated in subsections (a) through (c). These sections confine the applicability of MCR 6.610(E)(2) to cases in which the defendant in fact has a right to appointed counsel as defined in MCR 6.610(D)(2).

MCR 6.610(D)(2) provides:

> An indigent defendant has a right to an appointed attorney whenever
>
> (a) the offense charged is punishable by more than 92 days in jail;
>
> (b) the offense charged requires on conviction a minimum term in jail; or
>
> (c) the court determines that it might sentence the defendant to jail.
>
> If an indigent defendant is without an attorney and has not waived the right to an appointed attorney, the court may not sentence the defendant to jail.

Unless one of these three subsections applies, defendant does not have the right to appointed counsel under MCR 6.610(D)(2), and, ipso facto, is not required to waive that right under MCR 6.610(E)(2).[16]

---

[16] Neither subsection (a) nor (b) is relevant to defendant's case because the 1989 UBAL conviction carried neither a mandatory jail sentence nor a possible jail sentence over ninety-two days. We likewise disagree with the contention that subsection (c) requires the appointment of counsel unless the court determines at the time of accepting the plea that it will not sentence defendant to jail. If defendant's construction of rule were accepted, the trial court would be required to announce in both a plea hearing and a

The right to appointed counsel obtains only if actual imprisonment is imposed, irrespective of whether the conviction is obtained by trial, MCR 6.610(D)(2), or plea, MCR 6.610(E)(2). The evident purpose of MCR 6.610 is to instruct the trial court that if it ultimately determines after trial or plea that imprisonment is appropriate, it must have appointed counsel for the indigent defendant or have obtained a waiver in order to actually impose imprisonment. This common sense construction of MCR 6.610(D)(2) and (E)(2) is confirmed by contrasting those two provisions with the unconditional right to appointed counsel found in MCR 6.610(G), regarding arraignment for circuit court offenses.[17]

Simply put, if actual imprisonment is not imposed, the conviction is not infirm. By its terms, MCR 6.610(D)(2) requires no more than this:

> If the indigent defendant is without an attorney and has not waived the right to an appointed attorney, the court may not sentence the defendant to jail.

MCR 6.610(D)(2)(c) did not afford defendant the right to appointed counsel. It follows that MCR

---

trial that imprisonment will not be imposed. The rules do not create any right in the defendant to such an advance determination.

[17] MCR 6.610(G) provides:

> In a prosecution in which a defendant is charged with a felony or a misdemeanor not cognizable by the district court, the court shall

> \*    \*    \*

> (2) inform the defendant of

> \*    \*    \*

> (c) the right to have an attorney appointed at public expense if the defendant is indigent . . . .

6.610(E)(2) was also not applicable to defendant, and that defendant was not required to waive a nonexistent right to appointed counsel before the 1989 conviction could be used to enhance the present charge and possible sentence.[18]

III

Neither the court rules nor the Michigan or federal constitution precludes the use of defendant's 1989 conviction to enhance the present charge of OUIL 2d to felony OUIL 3d. Therefore, the trial court committed legal error in dismissing the felony OUIL 3d.[19]

We affirm the decision of the Court of Appeals and remand to the circuit court for further proceedings.

---

[18] Given this conclusion, we need not reach the question whether the Court of Appeals erred in holding that recognition of a right to counsel in these circumstances violated separation of powers as a limitation on charging authority. Nor do we need to reach defendant's argument that any modification of the court rule should be given prospective application only. The court rule has not been modified. It simply does not apply to defendant.

We do note that because of the change in federal law in *Nichols*, this Court has decided to reexamine the court rule and has opened an administrative file to this effect.

[19] As the amicus brief from the Prosecuting Attorneys Association of Michigan points out, preliminary examination was not, in any event, the appropriate stage at which to challenge the validity of prior convictions to be used for sentence enhancement under MCL 257.625(7)(d); MSA 9.2325(7)(d). Under MCL 257.625(16); MSA 9.2325(16), they are to be considered "at sentencing." As the Court of Appeals has correctly observed, prior convictions are not elements of the offense. *People v Weatherholt*, 214 Mich App 507, 511-512; 543 NW2d 34 (1995). There is, therefore, no requirement that the prosecutor "prove" the existence of the prior convictions, or more accurately demonstrate probable cause to believe the convictions exist, at the preliminary examination. Rather, MCL 257.625(14); MSA 9.2325(14) provides simply that the prosecutor must include in the complaint and information a statement listing the defendant's prior convictions.

MALLETT, C.J., and BRICKLEY, WEAVER, and TAYLOR, JJ., concurred with BOYLE, J.

CAVANAGH, J. I concur in the result only. I write separately because I believe that this case should have been resolved without reaching the constitutional question. As stated by the majority, we granted leave in this case to decide whether MCR 6.610(E)(2) precludes the use of a misdemeanor conviction resulting from an uncounseled guilty plea to enhance the sentence in the instant case. Because the defendant's uncounseled conviction does not fit within the protection of that rule, his sentence may be enhanced.

MCR 6.610(E)(2) provides three situations in which an indigent defendant shall be informed of the right to an appointed attorney. If: (a) the offense charged is punishable by over ninety-two days in jail, (b) the offense charged requires a minimum jail sentence, or (c) the court makes a determination that it may send the defendant to jail, then the court shall inform the defendant that if he is indigent, he has the right to an appointed attorney. Application of this rule to the instant case provides (a) the offense charged was punishable by up to ninety days in jail; (b) the offense charged did not require a minimum jail sentence; and (c) the court did not make a determination that it might send defendant to jail. Therefore, even if the defendant had proven his indigence, he would not be entitled to an appointed attorney. It follows that under the final sentence of MCR 6.610(E)(2),[1] the

---

[1] A subsequent charge or sentence may not be enhanced because of this conviction unless a defendant is represented by an attorney or he or she waives the right to an appointed attorney.

defendant's sentence may be enhanced.[2]

While the majority agrees that the court rule does not afford this defendant protection, it unnecessarily resolves the scope of the right to appointed counsel under the Michigan Constitution. Implicitly, the result is that MCR 6.610(E)(2) and 6.610(D)(2) are replaced by the new "actual imprisonment" test. Lower courts may now disregard the directives of MCR 6.610(D)(2)(a) and (b), and (E)(2)(a) and (b) in favor of subrule (c).

It is well settled that this Court does not answer constitutional questions where other questions are raised that will dispose of the case. *Warren Twp v Raymond*, 291 Mich 426, 429; 289 NW 201 (1939). The majority provides that under *People v Studaker*, 387 Mich 698; 199 NW2d 177 (1972), "this Court unanimously adopted the 'actual imprisonment' standard" for the right to appointed counsel. *Ante* at 116. However, upon a careful reading of *Studaker*, it seems that this Court held that no person may be imprisoned for any offense unless he is provided with assistance of counsel or that right is waived. *Id.* at 700-701. *Studaker* places a limit on when a defendant may be imprisoned. It does not place a limit on when a defendant is entitled to appointed counsel.[3] The *Studaker* rule is embodied in MCR 6.610(D)(2)(c) and

---

[2] I note also that the language of the final sentence of MCR 6.610(E)(2) is problematic. Read literally, a nonindigent defendant could refuse to hire an attorney and then later assert that under the rule his sentence may not be enhanced. This problem can be remedied by deleting the word "appointed."

[3] This is supported by the fact that a majority opinion of this Court has never cited *Studaker* since it was handed down in 1972. It was cited in a dissenting opinion which pointed out that the case *did not apply*. See *Artibee v Cheboygan Circuit Judge*, 397 Mich 54, 62; 243 NW2d 248 (1976) (COLEMAN, J., dissenting).

6.610(E)(2)(c). These rules direct the court to inform an indigent defendant of the right to an appointed attorney if it determines that it might sentence the defendant to jail. This is exactly what this Court did in *Studaker. Id.* at 700-701.

KELLY, J., concurred with CAVANAGH, J.