# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

TAMMY LOUISE HARBIN,

      Defendant-Appellee.

UNPUBLISHED
August 4, 2015

No. 322857
Tuscola Circuit Court
LC No. 13-012672-FH

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

SHAPIRO, J. (*concurring*).

I do not agree with the majority's analysis as I believe it is inconsistent with the United States Supreme Court's decision in *Alabama v Shelton*, 535 US 654; 122 S Ct 1764; 152 L Ed 2d 888 (2002), which must be read as applying to both suspended and probationary sentences. For the same reason, I question whether *People v Reichenbach*, 459 Mich 109; 587 NW2d 1 (1998), remains good law given that it was decided before *Shelton* and is inconsistent with it.

I nevertheless concur in affirming the sentence in light of *Shelton*'s discussion of *Nichols v United States,* 511 US 738, 746; 114 S Ct 1921; 128 L Ed 2d 745 (1994), in which the Court distinguished the use of a prior uncounseled misdemeanor sentence as a general sentence consideration from the use of the same sentence to elevate defendant's new conduct to a more serious crime than it would otherwise constitute. *Shelton*, 535 US at 663.

> *Nichols* is further distinguishable for the related reason that the Court there applied a "less exacting" standard "consistent with the traditional understanding of the sentencing process." Once guilt has been established, we noted in *Nichols*, sentencing courts may take into account not only "a defendant's prior convictions, but . . . also [his] past criminal behavior, even if not conviction resulted from that behavior." Thus, in accord with due process, Nichols "could have been sentenced more severely based simply on *evidence* of the underlying conduct that gave rise" to his previous conviction, even if he had never been charged with that conduct, and even if he had been acquitted of the misdemeanor with the aid of appointed counsel. [*Shelton*, 535 US at 665 (citations omitted).]

Accordingly, I concur.

                    /s/ Douglas B. Shapiro