# IN THE COURT OF APPEALS OF IOWA

No. 16-0927
Filed February 8, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**THOMAS JAY DOWNER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Thomas Downer appeals the judgment and sentence entered after pleading guilty to first-degree harassment. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Thomas Downer appeals the judgment and sentence entered after he pled guilty to first-degree harassment. He argues his trial counsel was ineffective in failing to object to a discussion of unproven crimes of domestic violence during the victim's impact statement at the sentencing hearing. We review his claim de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

In order to prove a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495. We ordinarily preserve such claims for postconviction-relief proceedings but will resolve them on direct appeal when the record is adequate. *See id.* at 494.

Downer argues his trial counsel had a duty to object to the victim's discussion of "her turbulent and violent relationship with Downer," in which she provided details of additional domestic abuse she suffered at Downer's hands as well as the impact it had on both her and her children. Because the district court was aware of this unproven history of domestic violence, Downer argues the court's reference to the crime's "significant impact on the victim" shows it improperly relied on unproven charges.

In sentencing a defendant, the court may not rely on unproven and unprosecuted charges unless the defendant admits to the charges or facts are presented to show the defendant committed the offenses. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). When the court improperly considers such charges, we will remand the case for resentencing. *See id.* But the fact that the

court is merely aware of unproven charges is insufficient to overcome the presumption that the court properly exercised its discretion in sentencing a defendant. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990). Rather, the defendant must affirmatively show the court relied on the unproven offense in imposing its sentence. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

The court noted the crime for which Downer was being sentenced was a crime of violence because he had threatened violence on the victim. The court also noted that the crime "had a significant impact on the victim in this matter." Finally, the court referenced Downer's prior convictions for assault and noted he had served twenty days in jail for assault in 2010. Based on that conviction, the court concluded it would be appropriate to sentence Downer to more than seven days in jail and imposed a 365-day jail sentence with all but thirty days suspended.

Downer is unable to make an affirmative showing the court improperly relied on unproven charges in sentencing him for harassment. The sentencing court made no specific reference to any unproven charges or to Downer's history of domestic violence in his relationship with the victim. *See State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001) (distinguishing cases in which the court specifically referenced unproven charges during sentencing with a situation in which the court referenced only "additional crimes" and discussed the defendant's prior criminal history in explaining its sentencing decision and finding the latter "is not an 'affirmative showing' that the court considered unproven charges"). Rather, the record supports a finding that the sentencing court referenced the impact that Downer's present offense had on the victim. *See State v. Sailer*, 587 N.W.2d

756, 763 (Iowa 1998) (noting that "without further proof the court considered [the victim]'s discussion of unproven offenses in the victim impact statement for an improper purpose," the court's statement that it considered "the amount of the financial loss to the victim" would be taken "at face value to mean the court merely considered the impact on the victim when setting the sentence").

Because Downer is unable to affirmatively show the district court relied on unproven charges in sentencing him, he cannot show he was prejudiced by counsel's failure to object to the victim's discussion of unproven charges during the victim impact statement.  We therefore affirm.

**AFFIRMED.**