# IN THE COURT OF APPEALS OF IOWA

No. 24-1166
Filed August 20, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MALORIE LYNN HALLOCK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.

        A defendant appeals the sentence imposed by the district court following the defendant's guilty plea. **AFFIRMED.**

        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.

        Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Pursuant to a plea agreement, Malorie Hallock pleaded guilty to theft in the first degree for embezzling over $100,000 from her employer. At sentencing, in compliance with the plea agreement, the State and Hallock jointly recommended a deferred judgment. The district court declined to follow the recommendation, adjudicated Hallock guilty of the offense, and sentenced her to serve an indeterminate prison term not to exceed ten years.

Hallock appeals. She challenges the sentence imposed.[1] As there is a strong presumption in favor of sentencing decisions, we only reverse if there is an abuse of discretion or a defect in the sentencing procedure. *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025). Hallock contends (1) the district court abused its discretion by not following the joint recommendation for a deferred judgment and (2) there was a defect in the sentencing procedure because the district court considered improper factors mentioned during the victim impact statement.[2]

We reject Hallock's challenge to the sentence based on the district court's refusal to follow the joint recommendation for a deferred judgment. There is a tool

---

[1] We have jurisdiction over the appeal despite Hallock's guilty plea because she has established good cause by challenging her sentence, which is not mandatory nor was agreed to under the terms of the plea agreement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] As we read Hallock's brief, these are the only two issues raised. The State points out that Hallock sprinkles her brief with references to other issues. If Hallock intended to raise other issues, we consider them forfeited and will not address them due to her failure to substantively develop them. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (finding a party forfeits an issue on appeal when the party fails to clearly identify an issue, fails to make an argument in support of the issue, or fails to make more than a perfunctory argument in support of the issue); *see also State v. Wilson*, No. 21-1287, 2022 WL 17481348, at *1 (Iowa Ct. App. Dec. 7, 2022) (declining to consider undeveloped issues sprinkled throughout a brief).

the parties can use if they want the court to be bound by a joint sentencing recommendation. That tool is Iowa Rule of Criminal Procedure 2.10(3), which permits the parties to condition a defendant's guilty plea on the court's willingness to impose the agreed-upon sentence. But the parties didn't utilize that tool here. Both in her written guilty plea and during the in-person hearing at which Hallock pleaded guilty, Hallock acknowledged her understanding that the court was not bound by the joint recommendation and could sentence her to the maximum allowed by law. As such, Hallock's plea was not conditioned on the court following the joint recommendation, and the court was free to impose any lawful sentence up to the maximum. *See State v. Thompson*, 856 N.W.2d 915, 922 (Iowa 2014) (finding rule 2.10(3) did not apply when the defendant acknowledged that the court was not bound by the plea agreement and could impose the maximum sentence). As Hallock's only claim of abuse of discretion was the court's failure to follow the joint recommendation, and the court had no obligation to do so, we reject this challenge.

We turn next to Hallock's claim that the court considered improper factors in reaching its sentencing decision. Hallock contends the court improperly considered statements made in the victim impact statement given by Hallock's former employer—the victim of Hallock's theft—that amounted to "the airing of allegations which are unproven."

We reject this challenge for two reasons. First, Hallock failed to preserve error. As challenges to a victim impact statement are challenges to the sentencing procedure rather than the legality of the sentence, a defendant is required to object to the statement to preserve error. *State v. Voshell*, 12 N.W.3d 1, 3 (Iowa Ct. App.

2024).  As Hallock did not object to the victim impact statement, the court was permitted to consider it.  *See id.*

Second, even if we ignore the error-preservation issue, Hallock's claim fails on its merits.  It is true that the district court cannot consider unproven conduct in determining a sentence.  *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024).  But we are not entirely convinced that the comments made by the victim about which Hallock complains were unproven acts by Hallock rather than comments about how Hallock's crime has impacted various aspects of the victim's life.[3]  Further, even if we assumed the comments were improper, Hallock's challenge fails.  Victim impact statements are, by design, not rigidly limited and allow for "unabridged expression of the impact of the offense."  *State v. Sailer*, 587 N.W.2d 756, 761 (Iowa 1998).  This comes with the risk that the victim will air allegations that are unproven.  *Id.* at 764.  But we trust our district courts to disregard allegations it should not consider.  *Schooley*, 13 N.W.3d at 619.  To overcome the presumption that the district court filtered out any improper comments made in the victim impact statement, there must be an affirmative showing that the court considered those comments in reaching a sentencing decision.  *Id.*  Consideration of such improper

---

[3] The victim's statements about which Hallock complains are that (1) the victim's mother's died in front of her when the victim was seventeen and her father then tried to commit suicide and ended up paralyzed; (2) workers at the victim's business do not trust the victim because Hallock got them to believe that it was the victim who was misappropriating funds; (3) some workers left the victim's business and started a competing business; (4) the victim has gone through a traumatic divorce; and (5) the victim commented that a light sentence would cause others in the community to steal from their employers.  Most of these comments directly related to the impact on the victim and her business, and those that did not directly relate were made in the context of highlighting that the victim has had a challenging life and that Hallock's theft piled on by creating financial stress, which impacted multiple aspects of the victim's life.

factors must be apparent from the record. *Id.* Hallock has made no such showing here. The record gives no indication that the district court considered any unproven allegations against Hallock. The only references the court made to the victim impact statement were to commend the victim on how thoughtful and non-vindictive it was and to note that the statement talked about some factors the court considers—namely rehabilitation and protection of the community. Hallock has failed to affirmatively show that the court relied on improper factors from the victim impact statement, so her challenge fails.

Having rejected both of Hallock's challenges, we affirm.

**AFFIRMED.**

Langholz, J., concurs; Tabor, C.J., specially concurs.

**TABOR, C.J. (specially concurring)**

I agree with the result reached by the majority because the record does not show that the sentencing court considered unproven conduct. I write separately to diverge from the majority on error preservation. I don't believe that this case is governed by *State v. Voshell*, where the defendant failed to preserve error on the argument that the court should not have considered a victim impact statement by the victim's mother. *See* 12 N.W.3d 1, 3, (Iowa Ct. App. 2024). But Hallock argues the court considered improper factors mentioned in the victim impact statement, a challenge to a sentencing procedure defect that doesn't need to be preserved to raise it on appeal. *See State v. Schooley*, 13 N.W.3d 608, 618 (Iowa 2024) (finding unpreserved a challenge that guardians ad litem are not authorized to provide a victim impact statement while clarifying that "[a] failure to object at sentencing does not foreclose a defendant from arguing that the district court abused its discretion by considering unproven conduct").

*Voshell* also involved a written victim impact statement. *See* 12 N.W.3d 1, 3–4 (Iowa Ct. App. 2024). Here, no victim impact statement was on file before the sentencing hearing. Instead, the victim read her statement in open court. *See* Iowa Code § 915.21(1)(b) (2024).

The State maintains that Hallock "could have objected to any of the statements she now complains of . . . in real time." But it strikes me "as exceedingly unfair to urge that a defendant, on the threshold of being sentenced," must jump up and object during the victim's delivery of their oral impact statement. *State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998). It also undermines the goal of letting victims "fully convey" the impact of the crime. *State v. Sailer*, 587 N.W.2d

756, 764 (Iowa 1998).  Our supreme court has acknowledged that letting victims make their statements in open court "may at times result in the airing of allegations which are unproven."  *Id.*  Nonetheless, the court "trust[s] that our district courts, when weighing such statements . . . will filter out improper or irrelevant evidence." *Id.*

I would reject the State's error preservation argument and decide the sentencing issue only on its merits.